Kilgore Funeral Home, Inc. (corporation), filed a complaint against Johnnie Craven, a dissenting minority shareholder, pursuant to Ala. Code 1975, § 10-2A-163. The corporation requested that the trial court determine and assign a fair market value to Craven's shares of common stock.
During the course of this litigation, Johnnie Craven died, and her son, Daniel H. Craven, Jr., the executor of her estate, was substituted as the defendant.
On March 2, 1994, the trial court issued an order, wherein it determined that the fair market value of the common stock owned by Craven was $125,000. There was no award of attorney fees.
Thereafter, Craven filed a motion to affix attorney fees, wherein he requested that the trial court award attorney fees to his attorney for services rendered in this case.
In an order dated August 17, 1994, the trial court denied the motion for attorney fees. Craven filed his notice of appeal on September 8, 1994. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
For the reasons indicated below, we find that this appeal was untimely filed and should be dismissed.
Initially, we note that Craven's motion to affix attorney fees, which the case action summary sheet indicates was filed on April 21, 1994, was, in essence, a motion requesting the trial court to alter or amend its March 2, 1994, order to include an award of attorney fees to his attorney for services rendered in this case.
Rule 59(e), Ala.R.Civ.P., provides: "A motion to alter, amend or vacate the judgment shall be filed no later than 30 days after entry of the judgment." It is well settled that the filing of a motion under Rule 59(e) suspends the time for filing an appeal and that if the Rule 59(e) motion is not filed within 30 days after the entry of the final judgment, then the time for filing an appeal has not been suspended. Payne v. Cityof Athens, 607 So.2d 292 (Ala.Civ.App. 1992).
In the present case the trial court's order was issued on March 2, 1994, and the motion to award attorney fees was filed on April 21, 1994. Because the motion was not filed within 30 days of the entry of judgment, the time for taking an appeal expired on April 13, 1994, which was 42 days after the trial court's final order. Craven filed his notice of appeal on September 8, 1994, which is untimely.
Finally, we would note that the certificate of service on Craven's motion to affix attorney fees states that a copy of the motion was mailed to the corporation's attorney on March 25, 1994. If, in fact, the motion was filed with the trial court on March 25, 1994, rather than on April 21, 1994, as indicated on the case action summary sheet, the appeal was still untimely filed for the reason indicated below.
If the motion to affix attorney fees was filed on March 25, 1994, the time to file an appeal would be suspended. However, the running of the time to file an appeal is *Page 232 
not suspended indefinitely by the filing of a Rule 59(e) motion. Alabama Farm Bureau Mutual Casualty Ins. Co. v.Boswell, 430 So.2d 426 (Ala. 1983). The time for filing an appeal will begin to run from the date an order granting or denying the motion is entered. Payne, 607 So.2d 292. If the trial court fails to rule upon the motion within 90 days after it is filed, then the Rule 59(e) motion is deemed denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P. Payne,607 So.2d 292.
In the present case, if the motion to affix attorney fees was filed on March 25, 1994, the motion would have been deemed denied by operation of law on June 23, 1994, and the notice of appeal should have been filed by August 4, 1994-42 days after the motion was deemed denied. The notice of appeal in this case was not filed until September 8, 1994, and, thus, was untimely filed.
Based upon the foregoing, this appeal is due to be dismissed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
APPEAL DISMISSED.
All the Judges concur.