William Stiff appeals from the Montgomery Circuit Court's summary judgment in favor of the Alabama Alcoholic Beverage Control Board and its administrator, its chairman, and its members ("the Board"); the Governor of the State of Alabama; and the Attorney General of the State of Alabama (the Board, the Governor, and the Attorney General are hereinafter referred to collectively as "the defendants") on his claim that § 28-7-16(a) and (b), Ala. Code 1975, violate the Commerce Clause of the Constitution of the United States. We affirm.
 Facts and Procedural History
In 1979, the legislature enacted the "Native Farm Winery Act," codified at § 28-6-1 et seq., Ala. Code 1975.[1] The Native Farm Winery Act levied an excise tax of $.05 per gallon on all native farm wine sold in Alabama or dispensed as free samples at a native farm winery. § 28-6-4(b), Ala. Code 1975. The act stated in part: "The excise tax provided for in this section shall be in lieu of all other taxes imposed." § 28-6-4(b), Ala. Code 1975.
In 1980, the legislature enacted the "Alabama Table Wine Act," codified at § 28-7-1 et seq., Ala. Code 1975. The Table Wine Act levied an excise tax of $.45 per liter on all table wine "sold to [a] wholesale licensee or [the ABC] board, to be collected from the purchaser by the board or by a licensed retailer." § 28-7-16, Ala. Code 1975.[2] The Table Wine Act repealed all other taxes on wine, except those imposed under, and the exemption in, the Native Farm Winery Act.[3] § 28-7-24, Ala. Code 1975. Thus, while native farm wines were taxed at $0.05 per gallon and were immune from other taxes, imported wines were taxed $0.45 per liter and were subject to other taxes.
On September 12, 1997, William Stiff, an Alabama domiciliary and a consumer of table wine, sued the Board and the other defendants, alleging that § 28-7-16(a) and (b), Ala. Code 1975, imposed an excise tax on wine moving in interstate commerce, in violation of the Commerce Clause, and was therefore unconstitutional. Stiff argued that Alabama's table-wine tax scheme discriminated against wine produced outside Alabama because it exempted Alabama native farm wine from the excise tax.[4] Stiff sought a judgment declaring § 28-7-16(a) and (b), Ala. Code 1975, unconstitutional. Stiff also sought injunctive relief, a refund of wrongfully collected taxes, certification of a class composed of all persons who had purchased table wine imported since October 1, 1980, and attorney fees. *Page 350 
The Board and the other defendants moved for a summary judgment, arguing, among other things, that Stiff lacked standing. The trial court agreed and entered a summary judgment for all of the defendants. Stiff appealed. We held that Stiff had standing to challenge the manner in which the State levies taxes on table wine. Therefore, we reversed the summary judgment in favor of all of the defendants and remanded the case to the trial court for further proceedings.[5] Stiff v. AlabamaAlcoholic Beverage Control Bd., 878 So.2d 1138, 1144 (Ala. 2003).
While Stiff's case was proceeding, the legislature repealed the Native Farm Winery Act effective September 30, 2001. Act No.2001-1114, Ala. Acts 2001 (4th Spec. Sess.). Furthermore, less than six months after we held that Stiff had standing to pursue his claim, we held in Alabama Alcoholic Beverage Control Boardv. Henri-Duval Winery, L.L.C., 890 So.2d 70 (Ala. 2003), that Alabama's table-wine taxing scheme violated the Commerce Clause. In Henri-Duval Winery, we held that § 28-7-16, Ala. Code 1975, standing alone, imposes a nondiscriminatory tax and, therefore, is not unconstitutional on that basis. However, we also held that, when considered in light of the Native Farm Winery Act, the Alabama table-wine taxing scheme was unconstitutional.Henri-Duval Winery, 890 So.2d at 80.
 "The [ABC Board] argues that § 28-7-16, Ala. Code 1975, levies a nondiscriminatory excise tax on all table wine and that Alabama's statutory scheme for taxing table wine discriminates against foreign wine only by virtue of the tax exemption for native farm wine created in § 28-6-4(b), Ala. Code 1975. We agree that by providing a tax exemption for native farm wine, Alabama's statutory scheme for taxing table wine discriminates against foreign wine; § 28-6-4(b), Ala. Code 1975, and the last clause of § 28-7-24, Ala. Code 1975, effect a tax scheme that discriminates against foreign wine.
". . . .
 "The trial court in this case erred because it allowed its analysis to be controlled by the form of the table-wine tax scheme. Applying the Supreme Court's rationale in Bacchus [Imports, Ltd. v. Dias, 468 U.S. 263 (1984)], and West Lynn Creamery[, Inc. v. Healy, 512 U.S. 186, 200 (1994)], we hold that the nondiscriminatory excise tax in § 28-7-16, Ala. Code 1975, considered alone, does not violate the Commerce Clause, but that Alabama's table-wine tax scheme, considered as a whole, does violate the Commerce Clause."
Henri-Duval Winery, 890 So.2d at 77-78 (footnote omitted). We went on to hold that
 "it would have been proper for the trial court to cure the constitutional defect in the tax scheme by striking the tax-exemption provision in § 28-6-4, Ala. Code 1975, and the last clause of § 28-7-24, Ala. Code 1975 (which provides that `nothing herein contained shall be construed to repeal or as repealing Chapter 6 of this title')."
890 So.2d at 80.
After we decided Henri-Duval Winery, the Board and the other defendants moved for a summary judgment in Stiff's case against them. Relying on this Court's statement in Henri-Duval Winery
that § 28-7-16, Ala. Code 1975, standing alone, is not unconstitutional, the defendants argued *Page 351 
that they were entitled to a judgment as a matter of law. The trial court concluded that the "gravamen of [Stiff's] case is the unconstitutionality of Ala. Code § 28-7-16(a)-(b)(1975)," and apparently interpreted Henri-Duval Winery as holding only that § 28-7-16, Ala. Code 1975, is not unconstitutional. The trial court therefore entered a summary judgment in favor of the Board and the other defendants.[6] Stiff appeals.
 Standard of Review "`A party is entitled to a summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" University of South Alabama v. Progressive Ins. Co., 904 So.2d 1242, 1246 (Ala. 2004) (quoting Rule 56(c)(3), Ala. R. Civ. P.). `"[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts."' Moss v. Williams, 822 So.2d 392, 394 (Ala. 2001) (quoting Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala. 1990))."
Hunter v. Wilshire Credit Corp., 927 So.2d 810, 812 (Ala. 2005).
 Analysis
On appeal, Stiff argues that the trial court erred in concluding that Stiff is challenging only § 28-7-16(a) and (b), Ala. Code 1975. Stiff says that he is challenging the Alabama table-wine excise-tax scheme and that his complaint meets the pleading requirements of the Alabama Rules of Civil Procedure. We conclude that, regardless of whether Stiff is challenging only §28-7-16(a) and (b), Ala. Code 1975, or the Alabama table-wine excise-tax scheme, the defendants are entitled to a judgment as a matter of law.
This Court, in Henri-Duval Winery, held that the Alabama table-wine excise-tax scheme then in effect was unconstitutional. We held that the constitutional defect could be cured by "striking the tax-exemption provision in § 28-6-4, Ala. Code 1975, and the last clause of § 28-7-24, Ala. Code 1975. . . ."Henri-Duval Winery, 890 So.2d at 80. The legislature then repealed the Native Farm Winery Act effective September 30, 2001, thereby curing the constitutional unsoundness of the table-wine taxing scheme. Accordingly, the defendants are entitled to judgment as a matter of law as to the taxes collected after September 30, 2001.
Stiff filed his complaint in September 1997, four years before the effective date of the repeal of the Native Farm Winery Act. He asserts in his complaint that he is due a refund for excess taxes paid "on imported table wines for all periods of illegal collection." In Henri-Duval Winery, this Court noted that a state may remedy an impermissible discriminatory tax either (1) by refunding the difference between the amount of the tax paid and the amount of the tax that should have been paid to those who experienced a greater tax liability because of the constitutional defect or (2) by assessing and collecting back taxes from those who benefited from the reduced rates during the challenged tax period. Henri-Duval Winery, 890 So.2d at 80 (quoting McKessonCorp. v. Division of Alcoholic Beverages Tobacco, Department ofBusiness Regulation of Florida, 496 U.S. 18, 110 S.Ct. 2238,110 L.Ed.2d 17 (1990)). Stiff presented no evidence or argument to the trial court, nor to this Court, indicating that the State has failed to remedy the constitutional defect in one of the ways *Page 352 
outlined in Henri-Duval Winery. Thus, we cannot conclude that the trial court erred in entering a summary judgment in favor of the Board and the other defendants.[7]
 Conclusion
Insofar as Stiff claims that § 28-7-16, Ala. Code 1975, standing alone, is unconstitutional, this Court decided that issue against him in Henri-Duval Winery. Insofar as he challenges the Alabama table-wine excise-tax scheme, this Court held in Henri-DuvalWinery that the constitutional defect could be remedied by the repeal of § 28-6-4, Ala. Code 1975, and the legislature has remedied that defect by repealing the Native Farm Winery Act. Stiff has offered no evidence or argument indicating that the State has neither refunded excessive taxes paid under the previously unconstitutional tax scheme nor collected taxes owed by those whose payments were favored under that scheme. We therefore affirm the summary judgment.
AFFIRMED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] The act, which was repealed effective September 30, 2001, defined a "native farm winery" as a winery where the annual wine production did not exceed 100,000 gallons and where 75% of the berries, fruit, produce, or honey used to make the wine was grown or produced in Alabama by the winery. § 28-6-1(1), Ala. Code 1975. It defined "native farm wine" as wine produced on a native farm winery. § 28-6-1(2), Ala. Code 1975.
[2] Act No. 2001-1114, Ala. Acts 2001, repealed § 28-7-16, Ala. Code 1975, and replaced it with a new § 28-7-16. Act No.2001-1114 likewise imposed an excise tax of $.45 per liter on all table wine.
[3] The last sentence in § 28-7-24, Ala. Code 1975, states that "nothing herein contained shall be construed to repeal or as repealing Chapter 6 of this title [the Native Farm Winery Act]."
[4] Stiff also alleged that the Board had violated § 41-22-5, Ala. Code 1975, a part of the Alabama Administrative Procedure Act, by failing to establish a procedure by which the retail price of table wine is determined and by failing to publish such a procedure in the Alabama Administrative Monthly so that "interested persons" would have an opportunity to submit to the Board comments or proposals about the procedure.
[5] We also held that the Board had violated § 41-22-5, Ala. Code 1975, a part of the Alabama Administrative Procedure Act.
[6] The trial court did not mention the intervening repeal of the Native Farm Winery Act.
[7] Stiff also contends that he is entitled to an award of attorney fees as a result of our holding in Stiff v. AlabamaAlcoholic Beverage Control Board, 878 So.2d 1138, that the Board had violated § 41-22-5, Ala. Code 1975, a part of the Alabama Administrative Procedure Act. However, it is not clear from the record that Stiff's request for attorney fees was considered or denied by the trial court. Although the trial court concluded that the defendants were entitled to a summary judgment on all of Stiff's "claims," we cannot construe that statement as a denial of Stiff's request for attorney fees. See Budinich v. BectonDickinson Co., 486 U.S. 196, 200, 108 S.Ct. 1717,100 L.Ed.2d 178 ("[W]e think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain."), and State Board of Education v. Waldrop,840 So.2d 893, 900 (Ala. 2002) ("[W]e will not interpret the trial court's silence in its [final order] as to Waldrop's request for attorney fees as a denial of that request."). Thus, we decline to address this issue.