Jessica L. Edwards ("the wife") appeals from an order entered by the Montgomery Circuit Court on June 30, 2005, in which that court determined that a previous order that it had entered on October 13, 2004, was a final judgment.
The procedural history of this case is quite complicated. On October 17, 2003, Stacy Edwards ("the husband") filed a complaint in the trial court seeking a divorce from the wife. The husband first attempted to serve the wife by certified *Page 700 
mail; when the husband first attempted to serve the wife, the wife, along with the parties' son who was born in December 2001, was living in Mississippi at the home of the wife's parents. When that method of service failed, the husband's attorney attempted personal service by using, without leave of court, a third-party "process server" who purportedly perfected service on the wife on January 26, 2004.
Initially, the husband's action was dismissed on February 27, 2004, after counsel for the wife filed a motion to dismiss the action alleging that the wife had not been properly served. The husband filed an objection to the dismissal of the action, and on March 30, 2004, the trial court set aside the dismissal and appointed a special process server to perfect service on the wife.[1] The process server delivered the complaint to Mississippi and left it with the wife's father on April 29, 2004. Thereafter, the wife's attorney filed another motion to dismiss, again asserting that service was not properly perfected because the wife had been hospitalized on April 28, 2004, in order to deliver a child (a girl) and had not been released from the hospital until May 1, 2004; the motion noted that the wife had been unavailable to accept personal service on April 29, 2004.
Following a hearing on August 12, 2004, the trial court denied the wife's second motion to dismiss and determined that service had been properly perfected on her on April 29, 2004. In addition, the trial court specifically held that the wife and the parties' son had sufficient contacts with the State of Alabama such that the trial court had obtained personal jurisdiction over them. On August 27, 2004, the husband filed an application seeking the entry of a default judgment against the wife. On October 7, 2004, the deputy register, sitting as a special master, heard the husband's testimony, and on October 13, 2004, the trial court entered a default-judgment order.[2] In that order, among other things, the husband was awarded custody of the parties' son, who had been living with the wife in Mississippi and had not seen the husband in almost a year. The following provision was contained in the default-judgment order:
 "That a child, specifically a girl, was born at the end of April, 2004, or the beginning of May, 2004, since the parties have separated. [The husband] denies paternity of said child. [The husband] is presumed to be the father of the child. The child's name is unknown to the court and [the husband]. The court makes no findings as to that child's paternity at this time, however, reserving that issue until genetic testing can be completed. The court shall appoint a guardian ad litem to represent the interests of said child."
On November 1, 2004, the wife appeared through counsel and filed a motion to set aside the default-judgment order; on November 23, 2004, she also filed a motion to stay enforcement of the order. Subsequently, the trial court heard arguments on the wife's motions and denied those motions on December 6, 2004, noting that the wife had not filed an answer to the husband's divorce complaint. The wife then filed a number of other motions, including a motion for relief from the default-judgment order filed on February 11, 2005. Between December 2004 and February *Page 701 
2005, the trial judge who had been presiding over the case left office, and his successor was assigned to the case.
The trial court scheduled a hearing on March 25, 2005, to consider the wife's motion for relief and the husband's opposition to that motion. The trial court requested that both parties submit briefs to the court following the hearing. On June 30, 2005, the trial court entered an order that determined that the October 13, 2004, default-judgment order was a final judgment of divorce that resolved all of the issues raised in the husband's complaint.
The wife appeals and alleges that the trial court erred (1) in its determination that the October 13, 2004, default-judgment order was a final judgment and (2) in its denial of her motion for relief from that order. Although the trial court's failure to grant the wife relief from the default-judgment order pursuant to her motion might have otherwise presented this court with a difficult substantive issue for resolution,[3] we conclude that the October 13, 2004, default-judgment order was not a final judgment such that the denial of relief from that order will support an appeal.
Although neither party has questioned our jurisdiction in this case, we may take notice of a lack of jurisdiction ex meromotu. See Ruzic v. State ex rel. Thornton, 866 So.2d 564,568-69 (Ala.Civ.App. 2003). The wife correctly asserts that the October 13, 2004, default-judgment order did not adjudicate the issues of child custody and child support as to the girl born to the wife in April 2004. Although Rule 54(b), Ala. R. Civ. P., authorizes a trial court to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties, the record does not reflect that the trial court has ever made such a direction. Absent such a direction, we must test the October 13, 2004, default-judgment order by the ordinary principles of finality.
"`An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties.'"Wright v. Wright, 882 So.2d 361, 363 (Ala.Civ.App. 2003) (quoting Carlisle v. Carlisle, 768 So.2d 976, 977
(Ala.Civ.App. 2000), and citing Rule 54(b), Ala. R. Civ. P., andEx parte Harris, 506 So.2d 1003, 1004
(Ala.Civ.App. 1987)). A divorce judgment that fails to resolve all of the issues ancillary to the single claim for a divorce — in this case, the paternity and custody of the wife's daughter — is not a final, appealable judgment. "In a custody or divorce action, the issue of parentage is central to the disposition of the case." MM. v. C.M., 600 So.2d 316,317 (Ala.Civ.App. 1992), and Ex parte Jones,896 So.2d 553, 556 (Ala.Civ.App. 2004). Moreover, because custody and the related issue of child support[4] are not inherently distinct from other issues arising in a divorce action, an order failing to resolve all of the issues presented in a divorce action may not be made appealable except pursuant to Rule 54(b), Ala. R. Civ. P., upon a determination of no just reason for delay and a direction of the entry of a final judgment as to such an order.
Here, the trial court has failed to completely adjudicate the custody and child-support issues pertinent to the wife's daughter, who is presumed to be the husband's child. If, in fact, the husband disputes *Page 702 
the paternity of the wife's daughter, that issue would be integral to the husband's right to a judgment of divorce from the wife. However, the trial court reserved consideration of the issues pertaining to the custody and support of the wife's daughter until such time as a paternity test could verify the child's parentage;[5] in doing so, that court rendered its October 13, 2004, default-judgment order nonfinal.
Given that the trial court expressly noted that the paternity of the wife's daughter was at issue in the divorce action, and considering the trial court's directions that the husband should be tested as to her paternity and a guardian ad litem should be appointed to represent the interests of the child, the failure of the October 13, 2004, default-judgment order to resolve all of the issues of child custody and child support arising from the husband's divorce claim renders it nonfinal. Because the October 13, 2004, default-judgment order failed to adjudicate all of the issues between the parties; because the trial court did not enter an order under Rule 54(b), Ala. R. Civ. P., making that nonfinal order a final, appealable judgment; because that nonfinal order will not support a Rule 60(b), Ala. R. Civ. P., motion; and because the June 30, 2005, order denying the wife's motion for relief from the October 13, 2004, default-judgment order is itself not final, we must dismiss the appeal. See Wright and Carlisle,supra.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] The wife filed a complaint in a Mississippi court seeking a divorce from the husband at the end of March 2004, and she perfected service upon the husband in April 2004, before the husband had perfected service upon the mother in this action; however, the status of that Mississippi action is not material to the disposition of this appeal.
[2] At the time the trial court entered the default-judgment order, the wife had not filed an answer to the husband's complaint.
[3] See Sumlin v. Sumlin, 931 So.2d 40, 49
(Ala.Civ.App. 2005) (explaining the judicial system's "strong bias" in favor of deciding cases on their merits, particularly in a case in which the custody of a child is at issue).
[4] In this case, the default-judgment order addressed only the custody and support of the parties' son; failure to properly apply the Rule 32, Ala. R. Jud. Admin., child-support-guidelines schedule is reversible error. See, e.g., Wilcoxen v.Wilcoxen, 907 So.2d 447, 451 (Ala.Civ.App. 2005), andState ex rel. Dep't of Human Res. v. Hogg,689 So.2d 131, 133 (Ala.Civ.App. 1996).
[5] We note that, as a general rule, a court of equity vested with jurisdiction in a particular case should proceed to resolve all of the issues placed before it and to "settle all the equities between the parties." Creel v. Creel,342 So.2d 793, 794 (Ala.Civ.App. 1977).