Crystal June Blankenship ("the mother") appeals a partial default judgment awarding Matthew Chad Blankenship ("the father") primary physical custody of the parties' minor child, B.D.B. ("the child").[1] We dismiss the mother's appeal because the partial default judgment from which the mother appeals is not a final, *Page 113 
appealable judgment and, therefore, we lack jurisdiction.
On February 13, 2002, the father sued the mother for a divorce and sought an equitable division of the parties' marital assets and. marital debt, primary physical custody of the child, an award of child support, and an award of an attorney's fee. The mother answered the father's complaint and counterclaimed for a divorce. In addition to a divorce, the mother's counterclaim sought an equitable division of the parties' marital property and debt, primary physical and legal custody of the child, an award of child support, and an award of an attorney's fee.
Pursuant to an agreement of the parties, the trial court initially awarded the mother pendente lite custody of the child and granted the father visitation; however, the trial court ultimately awarded pendente lite custody to the father and granted the mother visitation. On February 21, 2003, the trial court entered a judgment divorcing the parties but reserving all other issues for later adjudication.
Upon the motion of the father, the trial court, on April 21, 2005, entered an order compelling the mother to appear for a deposition and to produce documents the father had requested. When the mother failed to comply with the trial court's April 21, 2005, order, the father moved the trial court to enter a partial default judgment against the mother as a sanction for her failure to comply with the April 21, 2005, order. Following a hearing, the trial court, on August 9, 2005, entered a partial default judgment against the mother. In pertinent part, that partial default judgment states:
 "1. Default is hereby entered against the [mother] as to part of the relief claimed by the [father], and default is entered against the [mother] as to any claims she has now pending.
 "2. Therefore, the [father] shall have the primary care, custody and control of the minor child,. . . .
 "3. Notwithstanding the fact that the [mother] may appeal this Court's entry of default, the parties, through counsel, are encouraged to resolve the remaining issues concerning visitation and child support. In the event that the parties do resolve the remaining issues, any such agreement, and the record in this case, will specifically state that such agreement does not prejudice the [mother's] right to appeal the entry of this order. Further, for purposes of appeal, this order, wherein default was entered against the [mother], shall not be a final order but shall become a final order upon resolution of the remaining issues, either by agreement or by rulings from this Court."
Pursuant to an agreement of the parties, the trial court, on February 22, 2006, entered a partial judgment adjudicating the issues of the mother's visitation with the child and her child-support obligation. In pertinent part, that partial judgment states:
 "10. The agreement of the [mother] to the entry of this order containing agreed provisions on visitation and child support does not prejudice the [mother's] right to appeal the entry of the Order on Motion to Impose Sanctions and to Enter Default Judgment. Further, for the purpose of appeal, the Order on Motion to Impose Sanctions and to Enter Default Judgment was not a final order but became a final order upon the resolution of the remaining issues and the entry of this order."
The mother then filed a notice of appeal to this court within 42 days after the entry of the February 22, 2006, partial judgment.
On appeal, the mother argues that the trial court erred in entering the *Page 114 
partial default judgment awarding the father primary physical custody of the child. Although neither party has raised an issue regarding this court's jurisdiction,
 "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.' Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871
(Ala.Civ.App. 1979)."
Hubbard v. Hubbard 935 So.2d 1191, 1192
(Ala.Civ.App. 2006). See also § 12-22-2, Ala. Code 1975.
This court has previously stated:
 "`"It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved."' Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App. 1999), quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala. 1981). This court has stated:
 "`A final judgment is one that completely adjudicates all matters in controversy between all the parties.
 "`. . . An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." See Rule 54(b), Ala. R. Civ. P.'"
Adams v. NaphCare, Inc., 869 So.2d 1179, 1181
(Ala.Civ.App. 2003) (quoting Eubanks v. McCollum,828 So.2d 935, 937 (Ala.Civ.App. 2002)).
In the case now before us, the trial court had neither divided the parties' marital property and debt nor certified the partial default judgment as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., when the mother appealed from the partial default judgment. Consequently, the partial default judgment from which the mother appeals is not a final, appealable judgment.[2] See Grubbs v. Grubbs,729 So.2d 346 (Ala.Civ.App. 1998) (dismissing an appeal from a divorce judgment because the divorce judgment did not divide all of the parties' marital property and, therefore, was not a final judgment); accord McGill v. McGill,888 So.2d 502, 505 (Ala.Civ.App. 2004). Accordingly, we must dismiss the mother's appeal because we lack jurisdiction.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
[1] The child's paternal grandparents intervened in this action in the trial court. However, because they are not parties to this appeal and their participation in the action in the trial court is not material to the disposition of this appeal, we have omitted discussion of their participation in the action.
[2] The father's claim for an attorney's fee also remained unadjudicated when the mother appealed. However, an unadjudicated claim for an attorney's fee does not affect the finality of a judgment. See State Bd. of Educ. v.Waldrop, 840 So.2d 893, 899 (Ala. 2002) ("a decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication").