BRYAN, Judge.
Steven A. McNeill (“the father”) appeals an order directing the parties to attempt to resolve their disputes through mediation. Because we lack jurisdiction, we dismiss the father’s appeal.
Jennifer T. McNeill (“the mother”) commenced this postdivorce action on June 26, 2001, by filing a petition seeking a finding of contempt against the father. The father also petitioned the trial court to find the mother in contempt. In addition, the mother and the father each filed pleadings seeking adjudications of disputes regarding the custody of their two minor daughters (“the children”), visitation, child support, and health-care insurance for the children. In 2004, the parties resolved some, but not all, of their disputes by agreement, and their agreement was incorporated into an order entered by the trial court. Although that order is not in the record, it apparently awarded the mother primary physical custody of the children and awarded the father visitation. Thereafter, each of the parties filed pleadings claiming that the other party had violated the provisions of the order regarding visitation. The trial court held an evidentiary hearing and, on November 21, 2005, entered an order (1) directing that the parties and the children undergo psychological counseling and (2) suspending the father’s visitation pending another hearing.
In December 2005, the father moved the trial court to grant him temporary visitation. The trial court held an evidentiary hearing regarding that motion on August 16, 2006, and, on the following day, entered an order granting the father temporary visitation.
In October 2006, the father moved the trial court to enter a final judgment regarding visitation, and, on November 21, 2006, the trial court did so; however, both parties timely moved the trial court to alter, amend, or vacate the November 21, 2006, judgment. On January 17, 2007, within 90 days after the parties had moved the trial court to alter, amend, or vacate the judgment, the trial court entered an order vacating the November 21, 2006, judgment and ordering the parties to attempt to resolve their remaining disputes through mediation. The father then appealed to this court.
Because the parties timely moved the trial court to alter, amend, or vacate the November 21, 2006, judgment and the trial court entered its order vacating that judgment within 90 days after the parties had filed their postjudgment motions, the trial court had jurisdiction to vacate the November 21, 2006, judgment *1160 when it did so on January 17, 2007. See Timbes v. Timbes, 553 So.2d 624, 626 (Ala.Civ.App.1989). Accordingly, the final judgment entered on November 21, 2006, is no longer valid.
“ ‘ “[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App.1979).’
“Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006). See also § 12-22-2, Ala.Code 1975.
“This court has previously stated:
“ ‘ “ ‘It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.’ ” Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999), quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981). This court has stated:
“ ‘ “A final judgment is one that completely adjudicates all matters in controversy between all the parties.
“ . An order that does not dis-
pose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had ‘only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’ See Rule 54(b), Ala. R. Civ. P.” ’
“Adams v. NaphCare, Inc., 869 So.2d 1179, 1181 (Ala.Civ.App.2003) (quoting Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002)).”
Blankenship v. Blankenship, 963 So.2d 112, 114 (Ala.Civ.App.2007).
The order directing the parties to attempt to resolve their remaining disputes through mediation is not a final, appealable judgment because it did not completely adjudicate all matters in controversy between the parties. See Blankenship. Therefore, we must dismiss the appeal because we lack jurisdiction. Id.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.