On Application for Rehearing.
This court's order of June 12, 2007, dismissing the appeal as untimely filed is withdrawn, and the following opinion is substituted therefor.
This appeal arises from a divorce action filed in the Montgomery Circuit Court; that action has already spawned a previous appeal, Edwards v. Edwards, 951 So.2d 699
(Ala.Civ.App. 2006) ("Edwards I"), in which we summarized much of the procedural history of the case. Briefly stated, the trial court entered an order in October 2004 that was in the nature of a default judgment; although that order addressed several issues, it expressly reserved for a later decision the issue of the paternity of a child who had been born to Jessica L. Edwards ("the wife") during the pendency of the action and after her separation from Stacy Edwards ("the husband"), and thereby implicitly left open the ancillary contingent issues of custody and support as to that child.951 So.2d at 700. The wife then filed a series of motions seeking to set aside, or to prevent the enforcement of, the October 2004 order, including a motion filed in February 2005 that purported to seek relief pursuant to Rule 60(b), Ala. R. Civ. P. In Edwards I, we concluded that the trial court had neither entered a final judgment as to all claims and parties nor directed the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., as to less than all claims or parties, and that the wife's appeal from the denial of her motion attacking the October 2004 order was due to be dismissed because the denial of that motion, which challenged the propriety of a nonfinal order, would not itself support an appeal. 951 So.2d at 702.
After this court's dismissal of the appeal in EdwardsI, the trial court entered an order in January 2007 ordering the appointment of a guardian ad litem to represent the interests of the child, whose paternity had not yet been adjudicated, and stating that the costs incurred by the guardian ad litem were to be paid by the wife pending the outcome of paternity testing, which was directed to be completed by the end of February, 2007. On March 29, 2007, the trial court entered an order that adjudged the husband not to be the father of the child, thereby resolving the final substantive controversy between the husband and the wife. Because no further claims remained for resolution by the trial court after March 29, 2007, a final judgment that would support an appeal had been entered as of that date. "Claims adjudicated in a previous non-final order become final, and therefore subject to appeal, at the time the last party or claim is disposed of." Oliver v. Townsend, 534 So.2d 1038, 1046
(Ala. 1988); accord Shelton v. Clements, 834 So.2d 775,777 (Ala.Civ.App. 2002).
Subject to certain exceptions not pertinent here, Rule 4(a), Ala. R.App. P., mandates that in civil actions in which the parties file no postjudgment motions pursuant to Rules 50, 52, 55, or 59, Ala. R. Civ. P., a notice of appeal, in order to be timely, must be filed in the trial court no later than 42 days after the entry of a final judgment. In this case, the wife filed a notice of appeal on May 15, 2007, from the trial court's March 29, 2007, judgment. The husband filed a motion to dismiss the appeal on the ground that it had been untimely filed; the wife filed a response in opposition to the husband's motion in which she asserted that the time for filing a notice of appeal was tolled by the guardian ad litem's filing of a motion for an award of attorney fees on April 3, 2007, as well as by the trial court's April 4, 2007, *Page 941 
order conditionally granting that motion. On June 12, 2007, this court issued an order granting the husband's motion and dismissing the appeal as untimely.
On June 22, 2007, the wife filed what she labeled a "Motion to Reinstate" in which she challenged the correctness of this court's order dismissing the appeal. Because the wife's "motion" sought relief properly cognizable under Rule 40, Ala. R.App. P., which permits "[a] party who has not prevailed" in an appellate proceeding to apply for a rehearing of the court's decision; because the "motion" adequately stated facts and points of law that allegedly supported the wife's position,see Rule 40(b); and because the "motion" was filed within 14 days "of the date the decision being questioned [was] issued," see Rule 40(c), the wife's "motion" is properly construed as an application for rehearing under that rule, and we therefore construe the "motion" in that manner. The husband has filed a response to the wife's rehearing application, urging that we adhere to our decision on original deliverance.
Although we are convinced of the soundness of our conclusion that the wife's appeal is untimely, and thus that the wife's rehearing application is due to be overruled, this court has collectively elected to withdraw its order of dismissal and to issue an opinion in response to the application for rehearing in order to address the wife's contentions that the court's actions are inconsistent with certain previous opinions of this court, namely, Craven v. Kilgore Funeral Home, Inc.,664 So.2d 230 (Ala.Civ.App. 1995), and Kenco Signs Awning Division, Inc. v. CDC of Dothan, L.L.C.,813 So.2d 913 (Ala.Civ.App. 2001). The wife's substantive contention remains that the time for taking an appeal from the trial court's March 29, 2007, judgment did not begin running until after the trial court's disposition of the guardian ad litem's motion seeking an award of attorney fees.
The wife's position that a motion directed solely to matters of payment of attorney fees is a postjudgment motion that implicates the finality of the underlying judgment is not sound. As we recently noted in Blankenship v.Blankenship, 963 So.2d 112 (Ala.Civ.App. 2007), "an unadjudicated claim for an attorney's fee does not affect the finality of a judgment." 963 So.2d at 114 n. 2. InBlankenship, which (like this case) involved a judgment of divorce, we cited State Board of Education v.Waldrop, 840 So.2d 893 (Ala. 2002), in which the Alabama Supreme Court (whose decisions bind this court, see
§ 12-3-16, Ala. Code 1975) expressly recognized that "a decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication."840 So.2d at 899; accord Stiff v. Alabama Alcoholic Beverage ControlBd., 933 So.2d 348, 352 n. 7 (Ala. 2006) (ruling that trial court's entry of a summary judgment in favor of defendants on all claims was not, under Waldrop, to be construed as denying plaintiffs request for an award of attorney fees);cf. Niezer v. SouthTrust Bank, 887 So.2d 919, 923
(Ala.Civ.App. 2004) ("attorneyfee matters are separate and distinct from matters going to the merits of a dispute and . . . an appeal may be taken from a final judgment as to either aspect of a case").
The principal authority underlying the line of cases we have cited is the United States Supreme Court's decision inBudinich v. Becton Dickinson Co., 486 U.S. 196,108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), in which the Court held that a trial court's ruling on a new-trial motion that had been directed to a judgment on a plaintiffs substantive claims was final and *Page 942 
appealable notwithstanding the pendency of the plaintiffs attorney-fee request; the Court unanimously affirmed the dismissal of an appeal, that was taken only after the fee request had been finally adjudicated. The Court's analysis is instructive:
 "A question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order. . . . We have all but held that an attorney's fees determination fits this description. In White v. New Hampshire Dept. of Employment Security, 455 U.S. 445 (1982), we held that a request for attorney's fees under 42 U.S.C. § 1988 is not a motion `to alter or amend the judgment' within the meaning of Federal Rule of Civil Procedure 59(e) because it does not seek `reconsideration of matters properly encompassed in a decision on the merits.' 455 U.S., at 451. This holding was based on our conclusion that `a request for attorney's fees under § 1988 raises legal issues collateral to' and `separate from' the decision on the merits. Id., at 451-452. We went so far as to observe in dicta that `[t]he collateral character of the fee issue establishes that an outstanding fee question does not bar recognition of a merits judgment as "final" and "appealable."` Id., at 452-453, n. 14. . . .
 ". . . As a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action. At common law, attorney's fees were regarded as an element of `costs' awarded to the prevailing party, . . . which are not generally treated as part of the merits judgment, cf. Fed.R.Civ.P. 58 (`Entry of the judgment shall not be delayed for the taxing of costs')."
486 U.S. at 199-201, 108 S.Ct. 1717. We note that Rule 58(c), Ala. R. Civ. P., mirrors its federal counterpart cited inBudinich[1] in that Alabama's rule likewise provides that the entry of a judgment or order in a civil action "shall not be delayed for the taxing of costs," such as attorney fees, to a party.
The cases cited by the wife are arguably contrary to the principles espoused in the cases we have just discussed. For example, in Craven, although the record revealed that the defendant's motion for an award of attorney fees was shown by the record not to have been filed within 30 days of the entry of the trial court's judgment, and for that reason could not have been a timely postjudgment motion, this court observed in dicta that if that motion had been filed within 30 days of the entry of the judgment, "the time to file an appeal would [have been] suspended." 664 So.2d at 231. Because that statement was dicta, and because an appellate court is not bound by its own dicta, see Ex parte East Alabama HealthCare Authority, 847 So.2d 951, 955 n. 4 (Ala. 2002), we would simply observe that that dicta is not properly to be followed under the line of authority regarding finality of judgments that we have discussed herein.
This court in Kenco Signs cited the erroneous dicta inCraven in support of its conclusion that an appeal from an underlying judgment was "held in abeyance" pending the trial court's ruling on a motion seeking an attorney-fee award.813 So.2d at 915. However, the court in Kenco *Page 943 Signs properly reached the correct resultr — that it had appellate jurisdiction to consider the propriety of the merits judgment in favor of the judgment debtor" because the judgment creditor's notice of appeal had been filed within 42 days after the judgment on the merits had been entered.Id. Thus, our conclusion in this case is not truly contrary to our decision in Kenco Signs. Even wereKenco Signs directly contra, however, we note thatKenco Signs predates the Alabama Supreme Court's opinions in both Waldrop and Stiff, and we reiterate that we are statutorily bound by the Alabama Supreme Court's decisions in those cases to embrace the jurisdictional analysis utilized in Budinich.
In sum, the wife did not file a timely notice of appeal from the trial court's final judgment on the merits, which was entered on March 29, 2007; the motion of the guardian ad litem seeking an award of attorney fees did not constitute a post-judgment motion that would toll the time for taking an appeal from that judgment. The wife's application for rehearing is, therefore, due to be overruled, and her appeal is due to be dismissed.
APPLICATION FOR REHEARING OVERRULED; ORDER OF JUNE 12, 2007, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
[1] In response to Budinich, Rule 58, Fed.R.Civ.P., was amended in 1993 to afford federal trial courts thediscretion to treat a request for attorney fees as a postjudgment motion. We note that the Alabama Supreme Court has not adopted a similar amendment.