BRYAN, Judge.
 

 In June 2003, Gulf Coast Realty, Inc. (“GCR”), filed in the Mobile District Court (“the district court”) a complaint against George Watson and Whittington Real Estate, LLC (“Whittington”). GCR’s complaint alleged that, in June 2002, Watson had “executed a contract providing sales authority to ... Whittington to sell property owned by Watson located [in Baldwin County,] Alabama”; that Watson had agreed to pay a sales commission of 6% on the gross sales price if “ ‘a ready, willing, and able to purchase’ buyer was produced to purchase the property”; that Whitting-ton had represented to GCR that it" would pay GCR one-half of the 6% sales commission if GCR “produced a ready, willing and able buyer”; that GCR had produced a buyer, William Stubbs, who had “deposited $10,000 earnest money with the closing agency and [had] produced certified funds in the amount necessary to close on his purchase of the subject real estate”; and that
 

 “[a]t the closing, ... Watson revealed for the first time to [Stubbs] that [Watson’s] wife was also an owner of the property and that he could not convey title to the property without her permission which ... Watson was unable to obtain. As a result, ... Watson was unable to sell and convey title to the property to ... Stubbs.”
 

 GCR’s complaint asserted claims alleging breach of contract, fraud, and “third party contract beneficiary.”
 

 Also in June 2003, Stubbs filed in the Mobile Circuit Court (“the trial court”) a complaint against Watson and Whitting-ton. Stubbs’s complaint similarly alleged that he and Watson had entered into an agreement under which Watson had agreed to sell the property to Stubbs for $260,000 but that Watson had revealed at closing that his wife was also an owner of the property and that he could not convey title to the property without her approval. Stubbs’s complaint asserted claims alleging breach of contract, fraud, and suppression and sought specific performance. Watson subsequently moved the trial court to consolidate the two actions, and, after the district court had transferred GCR’s action to the trial court, the trial court granted Watson’s motion to consolidate the two actions in an order dated October 9, 2003.
 

 
 *805
 
 Whittington answered Stubbs’s complaint and also filed a cross-claim against Watson. Watson answered Stubbs’s complaint and also filed a cross-claim against Whittington and a third-party complaint against GCR and other fictitiously named third-party defendants.
 

 On June 25, 2004, Stubbs moved the trial court for a partial summary judgment on his claims against Watson alleging breach of contract and seeking specific performance. In July 2004, Watson filed a “counterclaim” against Stubbs, GCR, GCR employees Tommy Marr, Jr., and Jane Marr, Whittington, and Whittington employees Scott Janik and Stephanie Jean-sonne. On April 26, 2005, the trial court granted Stubbs’s motion for a partial summary judgment. The trial court’s April 26, 2005, order provided, in pertinent part, that “this judgement shall be a final judgement for specific performance as to the undivided one-half interest^] or the entire interest, that ... Watson owns in the real property ... made the basis of ... Stubbs’[s] complaint pursuant to Rule 54(b),” Ala. R. Civ. P. The trial court’s April 26, 2005, order also provided that “[a]ll other claims of the parties are stayed pending ... Watson’s appeal of the above order.”
 

 On May 25, 2005, Watson appealed to our supreme court (appeal no. 1041295).
 
 [1]
 
 However, while Watson’s appeal was pending, Stubbs, GCR, Tommy Marr, Jr., and Watson filed with the trial court a “pro tanto joint stipulation of dismissal with prejudice” asserting, in pertinent part, that “[tjhose parties have reached a pro tanto settlement of all pending issues between them in the above referenced litigation.” Jane Marr and Watson also filed a “pro tanto joint stipulation for dismissal” asserting, in pertinent part, that they had settled all claims against each other. Subsequently, the trial court entered an order dismissing with prejudice all claims between Watson and Stubbs, GCR, Tommy Marr, Jr., and Jane Marr.
 

 On September 15, 2005, Stubbs, GCR, Tommy Marr, Jr., and Watson filed a joint motion seeking an order setting aside the trial court’s April 26, 2005, order granting Stubbs’s motion for a partial summary judgment because those parties had “settled the issues between them on a pro tanto basis” and “no longer wish[ed] the litigation to go forward or the judgment as it was framed to stand.” On the same day, the trial court purported to enter an order setting aside its April 26, 2005, order.
 
 [2]
 

 In December 2005, Whittington moved the trial court to set aside its September 15, 2005, order, which had purported to set aside its April 26, 2005, order. In that motion, Whittington asserted that the trial court should set aside its September 15, 2005, order because, Whittington alleged, “all parties of interest were neither served nor notified regarding the presentation of said order for execution.” On December 22, 2005, the trial court entered an order purporting to set aside its September 15, 2005, order, and purporting to reinstate its April 26, 2005, order.
 

 In January 2006, Watson’s “counterclaim” against Janik and Jeansonne was dismissed on the motion of Janik and Jeansonne; however, the trial court subsequently granted Watson’s motion for leave to amend his pleadings, and Watson then filed a “second amended counterclaim and third party complaint” (“Watson’s second
 
 *806
 
 amended third-party complaint”). On January 17, 2006, Janik and Jeansonne moved the trial court to dismiss Watson’s second amended third-party complaint on the basis that Watson’s claims against Janik and Jeansonne were barred by the applicable statute of limitations. In May 2006, the trial court granted that motion and dismissed with prejudice Watson’s claims against Janik and Jeansonne.
 

 On January 10, 2007, the trial court entered a judgment providing, in pertinent part:
 

 “2. After considering the pleadings of all parties and having heard arguments of counsel, this court, the Honorable Robert Kendall presiding, granted partial summary judgment. That judgment is final and binding on all parties hereto, and the findings of fact and conclusions of law in support thereof have been and shall be the law of the case.
 

 “3. As to all other claims, the court finds as a matter of law that George Watson has breached his contract with Whittington Real Estate, LLC, and therefore, the court grants a judgment in favor of Whittington Real Estate, LLC, against George Watson on the contract.
 

 “4. The court finds against George Watson on his claims against Whitting-ton Real Estate, LLC, and therefore denies Watson’s motion(s) regarding same.
 

 “5. The court awards damages in favor of Whittington Real Estate, LLC, against George Watson for compensatory damages in the amount of $15,600 plus interest at six percent (6%) from the date of the breach in the amount of $4,056 plus attorney’s fees and costs.
 

 “6. The court will set this matter on 26th day of January 2007, to determine the award of attorney’s fees and costs to be awarded to Whittington Real Estate, LLC against George Watson as provided for in the contract between the parties.
 

 “7.
 
 This order is a final appealable judgment pursuant to Alabama Rules of Civil Procedure and disposes of all remaining claims in all cases, except for the amount of attorneys fees and costs, which will be set at the January 26, 2007 hearing.”
 

 (Emphasis added.) On January 18, 2007, Watson moved the trial court to alter, amend, or vacate its January 10, 2007, judgment. On April 20, 2007, the trial court entered an order purporting to deny Watson’s postjudgment motion.
 
 [3]
 

 On February 26, 2008, the trial court entered a judgment awarding Whittington attorneys’ fees in the amount of $5,000. On April 4, 2008, Watson appealed to our supreme court, and, on April 17, 2008, Whittington filed a cross-appeal asserting that the trial court had erred in awarding attorneys’ fees in the amount of $5,000 rather than $25,000. In June 2008, ora* supreme court transferred the appeal and the cross-appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 

 
 *807
 
 Watson raises several arguments on appeal
 
 [4]
 
 ; however, we note that Stubbs, GCR, and Janik and Jeansonne
 
 [5]
 
 argue, among other things, that Watson’s notice of appeal was untimely as to each of his appellate arguments with the exception of his argument that the trial court erred in awarding Whittington attorneys’ fees.
 
 [6]
 
 Thus, we must first determine whether Watson’s appeal was timely, because the failure to file a timely notice of appeal is a jurisdictional defect.
 
 Williams v. Lollar, 8
 
 So.3d 319, 321 (Ala.Civ.App.2008) (quoting
 
 Parker v. Parker,
 
 946 So.2d 480, 485 (Ala.Civ.App.2006)) (‘“[A]n untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived.’ ”).
 

 Stubbs, GCR, and Janik and Jeansonne argue that the trial court’s January 10, 2007, judgment was the final appealable judgment with regard to all claims asserted in the underlying action other than Whittington’s claim for attorneys’ fees. Conversely, Watson argues that the trial court’s February 26, 2008, judgment was the “final order as to all claims of the parties which give rise to the present appeal.”
 
 [7]
 

 As a general rule, “ ‘ “[wjhere a judgment is silent with regard to the disposition of a matter, it is presumed that the claim is denied.” ’ ”
 
 M.C. Dixon Family P’ship, LLLP v. Envision Props., LLC,
 
 911 So.2d 711, 714 (Ala.Civ.App.2005) (quoting
 
 Horwitz v. Horwitz,
 
 897 So.2d 337, 344 (Ala.Civ.App.2004), quoting in turn 46 Am.Jur.2d
 
 Judgments
 
 § 94 (1994)). Furthermore,
 

 “[a]s we recently noted in
 
 Blankenship v. Blankenship,
 
 963 So.2d 112 (Ala.Civ.App.2007), ‘an unadjudicated claim for an attorney’s fee does not affect the finality of a judgment.’ 963 So.2d at 114 n. 2. In
 
 Blankenship,
 
 ... we cited
 
 State Board of Education v. Waldrop,
 
 840 So.2d 893 (Ala.2002), in which the Alabama Supreme Court (whose decisions
 
 *808
 
 bind this court,
 
 see
 
 § 12-3-16, Ala.Code 1975) expressly recognized that
 
 ‘a decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication.’
 
 840 So.2d at 899;
 
 accord Stiff v. Alabama Alcoholic Beverage Control Bd.,
 
 933 So.2d 348, 352 n. 7 (Ala.2006) (ruling that trial court’s entry of a summary judgment in favor of defendants on all claims was not, under
 
 Waldrop,
 
 to be construed as denying plaintiffs request for an award of attorney fees);
 
 cf. Niezer v. SouthTrust Bank,
 
 887 So.2d 919, 923 (Ala.Civ.App.2004) (‘attorney-fee matters are separate and distinct from matters going to the merits of a dispute and ... an appeal may be taken from a final judgment as to either aspect of a case’).”
 

 Edwards v. Edwards,
 
 999 So.2d 939, 941 (Ala.Civ.App.2008) (emphasis added).
 

 Rule 4(a)(1), Ala. R.App. P., provides, in pertinent part, that “the notice of appeal ... shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from .... ” Additionally, Rule 4(a)(3), Ala. R.App. P., provides, in pertinent part, that
 

 “[t]he filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure[, Ala. R. Civ. P.,] shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion.
 
 If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.”
 

 (Emphasis added.)
 

 As noted above, the trial court’s January 10, 2007, judgment “dispose[d] of all remaining claims in all cases, except for the amount of attorneys fees and costs .... ” Although the trial court’s January 10, 2007, judgment does not expressly address all the claims that remained pending at that time, any claims that were not specifically addressed in that order are presumed to have been denied.
 
 See M.C. Dixon Family P’ship, LLLP, supra.
 
 Watson had 42 days from the date that his postjudgment was denied by operation of law on April 18, 2007, in which to appeal from the trial court’s January 10, 2007, judgment; however, Watson did not file his notice of appeal until April 4, 2008. Accordingly, we dismiss Watson’s appeal as being untimely filed with regard to all his appellate arguments, with the exception of his argument regarding the trial court’s award of attorneys’ fees to Whittington.
 
 See Edwards, supra;
 
 and Rule 4(a)(1) & (3), Ala. R.App. P.
 

 Regarding the trial court’s award of attorneys’ fees to Whittington, Watson argues on appeal that Whittington was not entitled to any award of attorneys’ fees. Conversely, Whittington, in its cross-appeal, argues that the trial court erred by awarding it only $5,000 in attorneys’ fees rather than the full amount it requested, $25,000. “ ‘An award of attorney fees, where permissible, is a matter within the discretion of the trial court and will not be reversed on appeal absent a showing that the trial court abused its discretion.’”
 
 Feil v. Wittern Group, Inc.,
 
 784 So.2d 302, 315 (Ala.Civ.App.2000) (quoting
 
 ISS Int’l Serv. Sys., Inc. v. Alabama Motor Express, Inc.,
 
 686 So.2d 1184, 1189 (Ala.Civ.App.1996)).
 

 
 *809
 
 Watson first argues that the trial court erred in awarding attorneys’ fees to Whittington because, he says, the trial judge who entered the judgment was the fifth judge who had presided over the case, and, therefore, he asserts, that judge did not possess adequate knowledge of the case from which to enter the award of attorneys’ fees. Watson attempts to support his argument by citing
 
 Hensley v. Eckerhart,
 
 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); however,
 
 Hensley
 
 does not hold that a trial judge must have presided over the entirety of the litigation to have adequate knowledge from which to enter an award of attorneys’ fees. Watson wholly fails to cite any authority that supports this argument; thus, this issue presents no ground upon which we may reverse the trial court’s judgment. As this court stated in
 
 Asam v. Devereaux,
 
 686 So.2d 1222, 1224 (Ala.Civ.App.1996):
 

 “Inapplicable general propositions are not supporting authority, and an appellate court has no duty to perform a litigant’s legal research.
 
 Legal Systems, Inc. v. Hoover,
 
 619 So.2d 930 (Ala.Civ.App.1993);
 
 Lockett v. A.L. Sandlin Lumber Co.,
 
 588 So.2d 889 (Ala.Civ.App.1991); and
 
 Moats v. Moats, 585
 
 So.2d 1386 (Ala.Civ.App.1991). Similarly, appellate courts do not, ‘based on undeli-neated propositions, create legal arguments for the appellant.’
 
 McLemore v. Fleming,
 
 604 So.2d 353, 353 (Ala.1992). This court will address only those issues properly presented and for which supporting authority has been cited.
 
 Simonton v. Catroll,
 
 512 So.2d 1384 (Ala.Civ.App.1987).”
 

 On cross-appeal, Whittington argues that the trial court’s award of attorneys’ fees in the amount of $5,000 was insufficient. Conversely, Watson, both in his appellant’s brief and in his response brief to Whittington’s cross-appeal, argues that the trial court’s award of attorneys’ fees should either be reduced or, at the very least, left as is, because, he says, Whittington’s request for $25,000 in attorneys’ fees includes several claims for work that Whittington’s counsel never performed. Watson’s response brief addresses several instances of these allegedly improper claims and provides a citation to the record for each; however, we note that, with one exception, all Watson’s citations are to his “brief in opposition to fee request.” It is well settled that “the statements of counsel in a pleading or brief are not evidence.”
 
 State Dep’t of Revenue v. Wells Fargo Fin. Acceptance Alabama, Inc.,
 
 [Ms. 2061148, November 21, 2008] - So.3d -, - (Ala.Civ.App.2008) (citing, among other cases,
 
 Carver v. Foster,
 
 928 So.2d 1017, 1025 (Ala.2005)). Additionally, both Whittington and Watson fail to provide a citation to the record directing this court to the attorneys’ fee request that Whittington apparently filed with the trial court. Furthermore, although it appears that the trial court held a hearing on the issue of attorneys’ fees, the record contains no transcript of that hearing. Moreover, neither Whittington nor Watson filed a postjudgment motion with regard to the award of attorneys’ fees; thus, we have no affidavits or any other evidence before us on this issue.
 

 Because we have no evidence before us regarding the amount of attorneys’ fees incurred by Whittington during the underlying litigation, we have no basis for determining that the trial court exceeded its discretion by awarding Whittington attorneys’ fees in the amount of $5,000. Thus, we affirm as to this issue. See Mullis
 
 v. Mullis,
 
 994 So.2d 934, 941-42 (Ala.Civ.App.2007) (affirming the trial court’s judgment insofar as it denied the appellant’s request for attorneys’ fees because there was no “evidence properly before [this
 
 *810
 
 Court] regarding the attorney fees incurred by the [appellant] .... ”).
 

 APPEAL — APPEAL DISMISSED IN PART; AFFIRMED IN PART.
 

 CROSS-APPEAL — AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . In appeal no. 1041295, the parties filed a joint stipulation of dismissal on September 26, 2005; the supreme court dismissed that appeal on October 3, 2005.
 

 [2]
 

 . At the time, Watson's appeal of the April 26, 2005, order was still pending.
 
 See
 
 note 1, supra.
 

 [3]
 

 . Watson’s postjudgment motion was denied by operation of law on April 18, 2007. Rule 59.1, Ala. R. Civ. P., provides:
 

 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the dale of the expiration of the period.”
 

 [4]
 

 . Specifically, Watson argues (1) that the trial court erred in ordering specific performance because, Watson argues, "there was no valid contract as [Stubbs's] agent ... sign[ed] her name to the [Watson's] counter-offer without written authority''; (2) that the contract contained a "time is of the essence” clause and, therefore, because neither Stubbs nor his agent appeared at closing, "Watson was not required to give [Stubbs] another opportunity to comply” with the contract; (3) that “[Stubbs] and his agent did not reasonably rely on any misrepresentations from [Watson's] agents as they knew from the outset [that Watson's] wife was the co-tenant and she would not sell”; (4) that the trial court, "without any lawful authority, breached and voided the settlement agreement between [Watson], [Stubbs] and rStubbs’s] agents entered into in appellate mediation for the benefit of non-parties to the original appeal”; (5) that "[Watson's] agents were granted summary judgment as well as the total commission when they agreed to receive only half on a contract they admitted was invalid”; and (6) that the trial court exceeded its discretion in awarding attorneys' fees to Whittington.
 

 [5]
 

 . Tommy Marr, Jr., and Jane Marr have not filed a brief on appeal.
 

 [6]
 

 . Additionally, both Stubbs and GCR have submitted to this court separate motions seeking an order dismissing Watson’s appeal based on, among other reasons, their assertions that Watson's notice of appeal was untimely as to each of his appellate arguments with the exception of his argument that the trial court erred in awarding Whittington attorneys' fees. For reasons that will be discussed infra, we grant Stubbs's and GCR’s motions to dismiss insofar as they argue that Watson's notice of appeal was untimely filed; we deny the motions to dismiss as to all other arguments.
 

 [7]
 

 . Watson's notice of appeal states that he is appealing "from the Final Judgment entered on February 26, 2008,” and the docketing statement for his appeal states that the "date of entry of judgment or order appealed from” is February 26, 2008.