Sylvia L. Jerkins Owens appeals from an order of the Circuit Court of Geneva County awarding her a child-support arrearage and reserving the right to establish an amount for post- minority support. We dismiss the appeal as being from a nonfinal order.
Sylvia L. Jerkins married Austin Ray Owens in 1968. Four children were born of the marriage. The parties separated in July 1982, and in September 1983 the wife sued for a divorce. A judgment of divorce was entered on September 7, 1983, by the Circuit Court of Geneva County. The judgment awarded custody of the parties' four minor children to the wife and ordered the husband to pay $250 per month as child support; the husband was also ordered to pay one-half of the reasonable and necessary medical expenses incurred by the four minor children.
On December 17, 1997, the wife filed a two-count petition seeking, under the first count, an order from the trial court requiring the husband to show cause why he should not be held in contempt for his failure to pay child support and medical expenses. Under the second count, the wife sought to modify the father's child-support obligation for the parties' one child who was yet a minor and sought an award of post-minority support for that child. After an ore tenus proceeding, the trial court entered an order on July 23, 1998, awarding the wife a judgment against the husband in the amount of $4,750 for the husband's arrearage in child support, and reserving the right to establish an amount for post-minority education expenses and support for the child. We note that the trial court did not enter any findings with regard to the wife's claim for reimbursement for medical expenses incurred by the parties' children or on her petition for modification of the husband's child-support obligation.
On August 24, 1998, wife filed a motion asking the trial court to revisit its order of July 23, 1998, or, in the alternative, to grant a new trial, contending that the trial court had erred in calculating the child-support arrearage and in not addressing her requests for reimbursement of medical expenses and a modification of the husband's child-support obligation. The court held a hearing on September 9, 1998, and it denied this motion on October 6, 1998, by a notation on the case action summary sheet. *Page 513 
The wife appeals, arguing: (1) that the trial court erred in failing to award her a judgment against the husband for all amounts of child support not paid, less a credit for support payments or moneys the husband had paid directly to or on behalf of the parties' children; and (2) that the trial court erred in failing to award her a judgment against the husband for one-half of the medical expenses incurred for the parties' children.
Although neither party has questioned this court's jurisdiction, we first consider whether we have jurisdiction over this appeal, because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so evenex mero motu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210,211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711,712 (Ala. 1987)).
"It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved." Taylor v. Taylor, 398 So.2d 267,269 (Ala. 1981). A ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims. Rule 54(b), Ala.R.Civ.P.; See McGlothlin v. FirstAlabama Bank, 599 So.2d 1137 (Ala. 1992). A "final judgment is a `terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.'" Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App. 1990) (citing Tidwell v. Tidwell, 496 So.2d 91, 92
(Ala.Civ.App. 1986)). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case; if the appellee has not moved for a dismissal, then the court should dismiss the appeal on its own motion. SeeJim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871
(Ala.Civ.App. 1979).
The question whether an order is a final order may be phrased as whether there is "something more for the court to do."Wesley v. Brandon, 419 So.2d 257 (Ala.Civ.App. 1982). The wife's claim for medical expenses, contained in the first count of her petition, as well as her request for a modification of the husband's child-support obligation, contained in the second count, remain pending in the trial court. Clearly, the order appealed from did not resolve all the issues before the court. It is therefore not final. Thus, this appeal was premature, and we must dismiss it.
 APPEAL DISMISSED.
Yates, Monroe, and Thompson, JJ., concur.
Crawley, J., concurs in the result.