On December 4, 2000, Anthony D. Eubanks sued W. Hardy McCollum, the chairman of the Tuscaloosa County Commission; Judge L. Scott Coogler, Circuit Judge of the sixth judicial circuit; Doris Turner, the court clerk; George Nassaney, Eubanks's court-appointed attorney; and Betty Teague, the director of central records of the Alabama Department of Corrections, in their individual and official capacities. The complaint was presented as a tort action to redress constitutional violations that occurred when Eubanks remained incarcerated beyond his one-year-and-a-day prison sentence. Eubanks requested monetary damages, declaratory relief, and injunctive relief.
On January 2, 2001, McCollum filed a Rule 12(b)(6), Ala.R.Civ.P., motion to dismiss. On January 30, 2001, Judge Coogler, Turner, and Teague filed a joint motion to dismiss, or in the alternative, for a summary judgment. No appearance or pleading filed by or on behalf of Nassaney appears in the record.
In March 2001, the trial court issued two orders. The first granted McCollum's motion to dismiss, stating: "the Plaintiff's complaint states no claim which may be maintained against Hon. W. Hardy McCollum or the Tuscaloosa County Commission and . . . the Defendant is entitled to a Judgment as a matter of law." The second order addressed the motion to dismiss filed by Judge Coogler, Turner, and Teague. The majority of this order is quoted below.
 "Having reviewed the Defendant's Motion to Dismiss, the affidavits and exhibits attached thereto, the pleadings, and all other legally admissible evidence, this Court finds that:
 "1. Defendants Judge L. Scott Coogler, Doris Turner, and Betty Teague were acting as state officers or employees.
 "2. Insofar as Plaintiff's complaint alleges conduct on the part of Defendants *Page 937 
Judge L. Scott Coogler, Doris Turner, and Betty Teague, these Defendants were acting within the general scope of their authority.
 "3. Insofar as Plaintiff's complaint alleges conduct on the part of Judge L. Scott Coogler, Doris Turner, and Betty Teague, these acts were administrative in nature.
 "4. Judge L. Scott Coogler, Doris Turner, and Betty Teague's conduct was not tortious because these Defendants were not negligent in the performance of their responsibilities.
 "Therefore, this Court is of the opinion that the Plaintiff's complaint states no claim that may be maintained against Defendants Judge L. Scott Coogler, Doris Turner, and Betty Teague in tort.
 "Plaintiff's prayers for declaratory judgment and injunctive relief cannot be dismissed under the principles of immunity. However, this Court finds that:
"1. The Plaintiff did not suffer injury.
 "2. Any error alleged by the Plaintiff has already been corrected.
 "Defendants are entitled to a Judgment as a matter of law. Judgment is hereby entered in favor of the Defendants and against the Plaintiff."
Although neither party has questioned the finality of the trial court's judgment in this case, jurisdictional matters, such as the question whether an appeal is supported by a final judgment, are of such importance that this court takes notice of them ex mero motu. See Wilsonv. Glasheen, 801 So.2d 848 (Ala.Civ.App. 2001); Nunn v. Baker,518 So.2d 711 (Ala. 1987). A final judgment is one that completely adjudicates all matters in controversy between all the parties. SeeMcCollough v. Bell, 611 So.2d 383 (Ala.Civ.App. 1992).
The record is quite clear that one of the named parties, Nassaney, while properly served, never appeared in court nor did the trial court dispose of the claims against him in the orders it entered in March 2001. An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. See Stone v. Haley, 812 So.2d 1245 (Ala.Civ.App. 2001). In such an instance, an appeal may be had "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." See Rule 54(b), Ala.R.Civ.P.; Baker v. Johnson,448 So.2d 355, 358 (Ala. 1984). We find no Rule 54(b) certification in the record. Therefore, this court must dismiss the appeal as being from a nonfinal judgment. See Powell v. Powell, 718 So.2d 80 (Ala.Civ.App. 1998).
APPEAL DISMISSED.
All the judges concur.