Timmy E. Adams, a prisoner proceeding pro se, on February 11, 2002, sued NaphCare, Inc.[1], and the wardens of the following correctional facilities: Kilby Correctional Facility, St. Clair Correctional Facility, Easterling Correctional Facility, Donaldson Correctional Facility, and Staten Correctional Facility (the correctional facilities are hereinafter collectively referred to as "the department defendants"). Adams alleged in his complaint that, from the time of his incarceration until the filing of his complaint, he had been forced to shave his facial hair and that, as a result, he suffers from a medical condition known as pseudofolliculitis barbae ("the condition"). Adams contends that the condition is an incurable disease that primarily affects black men after they shave. He states that the condition results when recently shaved facial hairs grow inward and penetrate the skin causing an inflammatory reaction. Adams alleged that the Department of Corrections' "clean shave" policy discriminates against him because of his race; that the implementation of the policy has caused him to suffer from the condition, resulting in painful pustules and abscesses; that the policy is abusive and that the implementation of the policy causes him mental and physical harm; and that the policy reflects a deliberately indifferent attitude on the part of the policy-makers and that implementation of the policy results in the wanton infliction of pain, excessive punishment, the denial of equal protection, and dehumanization. Adams also, on May 23, 2002, moved the court for a preliminary injunction prohibiting the defendants from forcing him to shave.
The department defendants, on June 3, 2002, moved the court to dismiss the complaint, or, in the alternative, for a summary judgment. On July 19, 2002, NaphCare moved the court to dismiss the complaint, or, in the alternative, for a summary judgment. On September 10, 2002, Adams moved the court for a summary judgment. The court entered an order setting all pending motions for a hearing on October 16, 2002. Following a hearing, the trial court, on November 8, 2002, entered an order denying Adams's motion for a summary judgment and granting NaphCare's motion for a summary judgment. The court did not address the department defendants' motion for a summary judgment. Adams filed his notice of appeal on December 23, 2002. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
NaphCare argues on appeal that the notice of appeal filed by Adams is untimely and also that the judgment *Page 1181 
appealed from was not a final judgment that would support an appeal. Because we conclude that the judgment appealed from was a nonfinal judgment, we will not address NaphCare's argument that the appeal is untimely. See T.B. v. A.J., 812 So.2d 1287 (Ala.Civ.App. 2001). "`It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.'" Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App. 1999), quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala. 1981). This court has stated:
 "A final judgment is one that completely adjudicates all matters in controversy between all the parties.
 ". . . An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had `only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.' See Rule 54(b), Ala.R.Civ.P."
Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App. 2002) (citations omitted).
The judgment entered by the trial court in this case does not dispose of the claims brought by Adams against the department defendants, nor does it certify the judgment entered in favor of NaphCare as final pursuant to Rule 54(b), Ala.R.Civ.P. Therefore, this court must dismiss the appeal as being from a nonfinal judgment.
APPEAL DISMISSED.
All the judges concur.
[1] NaphCare provides medical services for the state prison system.