993 So.2d 31 (2008)
Walter BUSBY
v.
Harold W. LEWIS.
Walter Busby
v.
Donna Lewis.
Walter Busby
v.
Donna Lewis, Harold W. Lewis, and WMC Construction d/b/a Coussons Realty.
2060998, 2060999 and 2070151.
Court of Civil Appeals of Alabama.
May 9, 2008.
Mitchell D. Hays, Tuscumbia, for appellant.
Daniel E. Boone, Florence, for appellees Harold Lewis and Donna Lewis.
David K. Howard and R. Justin Sherer, Florence, for appellee WMC Construction, Inc., d/b/a Coussons Realty.
*32 PER CURIAM.
In appeal no. 2060998, the plaintiff, Walter Busby, appeals a summary judgment in favor of the defendant, Harold W. Lewis ("Harold"). In appeal no. 2060999, Busby appeals a summary judgment in favor of the defendant, Donna Lewis ("Donna"). Because claims against other defendants remained pending when Busby filed his notices of appeal in appeal nos. 2060998 and 2060999, we dismiss those appeals because they are appeals from nonfinal judgments. In appeal no. 2070151, Busby appeals from a summary judgment entered by the trial court, subsequent to Busby's filing his notices of appeal in appeal nos. 2060998 and 2060999, that disposed of all claims that had remained pending when Busby filed those notices of appeal. However, because Busby's filing of his notices of appeal in appeal nos. 2060998 and 2060999 had deprived the trial court of jurisdiction to enter that subsequent summary judgment disposing of all claims that had remained pending when he filed his notices of appeal in appeal nos. 2060998 and 2060999, that summary judgment is void and will not support an appeal. Therefore, we must also dismiss Busby's appeal in appeal no. 2070151.
In 2005, Harold, who was then Donna's husband, arranged, pursuant to a power of attorney Donna had given him, for real-estate agent Christine Gaskell, an employee of WMC Construction d/b/a Coussons Realty ("WMC"), to list for sale a parcel of real property ("the property") in Lauderdale County that was owned by Donna. The property was separated from Shoal Creek by a strip of real property ("the strip") that was subject to use by the public. A pier ("the pier") and a seawall ("the seawall") were located on the strip.
Busby employed real-estate agent Vera Akin, who was also employed by WMC, to assist him in finding a parcel of real property to purchase. Akin informed Busby that the property was for sale, and Busby bought the property in 2006. Land Title Insurance Corp. ("Land Title") issued a policy insuring Busby's title to the property.
On April 18, 2006, Busby sued Donna, "Coussons Realty," and Land Title, stating claims of fraud, deceit, misrepresentation, and suppression against all defendants, stating a claim of breach of warranties of title against Donna only, and stating claims of negligence and breach of contract against Lawyers Title only.[1] The gravamen of Busby's claims of fraud, deceit, and misrepresentation was that the defendants had fraudulently induced him to buy the property by misrepresenting that Donna owned the strip, the pier, and the seawall. The gravamen of his suppression claim was that the defendants had fraudulently induced him to buy the property by suppressing the fact that the strip, the pier, and the seawall were not included in the sale of the property. The gravamen of his breach-of-contract claim was that Land Title had breached its contract with him by failing to perform a proper title search regarding the property. The gravamen of his negligence claim was that Land Title had negligently performed its title search regarding the property.
Land Title moved the trial court to dismiss all Busby's claims against it, the trial court granted that motion, and Busby has not appealed the granting of that motion.
Busby amended his complaint to substitute WMC for "Coussons Realty," to add Harold, Akin, and Gaskell as defendants, *33 to state all the claims contained in his original complaint against Harold, Akin, and Gaskell, and to state new claims of negligence and breach of contract against Akin. The gravamen of his negligence claim against Akin was that she had breached the duty of care she owed Busby by misrepresenting to him that an easement existed on the property. The gravamen of his breach-of-contract claim against Akin was that Akin had breached her contract with Busby by misrepresenting to him that an easement existed on the property.
In November 2006, WMC moved the trial court for a summary judgment with respect to all Busby's claims against it. In February 2007, Busby amended his complaint to add a claim alleging that WMC was liable under the doctrine of respondeat superior for the alleged negligence of Akin in representing Busby.
In March 2007, the trial court entered a partial summary judgment in favor of WMC that disposed of all but two of Busby's claims against WMC. Also in March 2007, Donna, Akin, and Gaskell moved for summary judgments with respect to all Busby's claims against them. In April 2007, the trial court amended the summary judgment in favor of WMC to dispose of all the claims against it except Busby's negligence claim. In June 2007, the trial court entered a summary judgment in favor of Donna with respect to all Busby's claims against her; however, the trial court denied Akin and Gaskell's summary-judgment motion. Also in June, Harold moved for a summary judgment with respect to all Busby's claims against him, and the trial court entered that summary judgment.
On July 26, 2007, even though his negligence claim remained pending against WMC and all of his claims remained pending against Akin and Gaskell, Busby filed two notices of appeal to this court  one appealing the summary judgment in favor of Harold and the other appealing the summary judgment in favor of Donna. This court docketed the appeal of the summary judgment in favor of Harold as appeal no. 2060998 and docketed the appeal of the summary judgment in favor of Donna as appeal no. 2060999. This court subsequently transferred those two appeals to the supreme court due to lack of jurisdiction. The supreme court then transferred those appeals back to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Meanwhile, Akin and Gaskell moved the trial court to reconsider the denial of their summary-judgment motion, and WMC moved the trial court to reconsider its denial of WMC's summary-judgment motion with respect to Busby's negligence claim. The trial court then entered a summary judgment adjudicating all remaining claims against all remaining defendants in their favor, and Busby filed a third notice of appeal in which he appealed the summary judgments in favor of Harold, Donna, and WMC. This court docketed that appeal as appeal no. 2070151 and transferred it to the supreme court due to lack of jurisdiction. The supreme court then transferred it back to this court pursuant to § 12-2-7(6).
Harold and Donna have moved this court to dismiss appeal nos. 2060998 and 2060999 on the ground that those are appeals from nonfinal orders rather than a final judgment.
"`"It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved."' Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999), quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala. 1981). This court has stated:

*34 "`A final judgment is one that completely adjudicates all matters in controversy between all the parties.
"`... An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." See Rule 54(b), Ala. R. Civ. P.'"
Adams v. NaphCare, Inc., 869 So.2d 1179, 1181 (Ala.Civ.App.2003) (quoting Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ. App.2002)).
Because claims against other defendants remained pending after the entry of the summary judgments in favor of Donna and Harold, those summary judgments were not final judgments. Moreover, the trial court did not make an express determination that there was no just reason for delay and make an express direction for the entry of judgment pursuant to Rule 54(b), Ala. R. Civ. P. Therefore, we must dismiss appeal nos. 2060998 and 2060999. See Adams v. NaphCare, Inc., supra.
Although the two notices of appeal Busby filed on July 26, 2007, were premature, they nonetheless divested the trial court of jurisdiction. See Etheredge v. Genie Indus., Inc., 632 So.2d 1324, 1325 (Ala. 1994) ("Etheredge filed a notice of appeal [from a nonfinal judgment] on March 17, 1993, which was docketed as number 1920868. The circuit court on May 7 filed a written order and Etheredge filed another notice of appeal on June 16. That appeal was docketed as number 1921386. On June 23, this Court remanded the cause in appeal number 1920868 for entry of a final judgment. The circuit court judge entered a final judgment for Genie on June 30, 1993 .... Because the first notice of appeal divested the trial court of jurisdiction, the May 7 order was a nullity and would not support a notice of appeal. Appeal number 1921386 is therefore dismissed."); Horton v. Horton, 822 So.2d 431, 434 (Ala.Civ.App.2001) ("[T]he husband filed a notice of appeal [from a nonfinal judgment] on October 25, 2000. `Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.' Ward v. Ullery, 412 So.2d 796, 797 (Ala.Civ.App.1982). The husband's notice of appeal [from the nonfinal judgment], although premature, had the effect of divesting the trial court of jurisdiction to rule upon the remaining issues in the divorce action until the appeal had been disposed; thus, the December 19, 2000, `judgment' is a nullity. See Etheredge v. Genie Indus., Inc., 632 So.2d 1324, 1325 (Ala.1994) (holding that purported written order, entered after filing of notice of appeal from oral `order,' was a nullity and would not support an appeal); accord, R.H. v. J.H., 778 So.2d 839 (Ala. Civ.App.2000). See also Thames v. Gunter-Dunn, Inc., 365 So.2d 1216 (Ala.1979), and Foster v. Greer & Sons, Inc., 446 So.2d 605, 608-09 (Ala.1984)[, overruled on other grounds by Ex parte Andrews, 520 So.2d 507 (Ala.1987)] (noting general rule that `jurisdiction of a case can be in only one court at a time' and stating that until an appellate court concludes that it lacks jurisdiction over an appeal, both the trial and the appellate court are `bound by' the presumption that the appellate court does have jurisdiction)." (footnotes omitted)). Consequently, the judgment purporting to dispose of all claims that remained pending when Busby filed his two notices of appeal on July 26, 2007, is a nullity and will not support an appeal. Therefore, we must dismiss appeal no. 2070151.
2060998 APPEAL DISMISSED.
*35 2060999 APPEAL DISMISSED.
2070151 APPEAL DISMISSED.
All the judges concur.
NOTES
[1] Busby included a prayer for the recovery of damages for mental anguish from all defendants based on their allegedly fraudulent conduct; however, as alleged, that prayer for relief is not a separate cause of action.