BRYAN, Judge.
 

 In these consolidated appeals, the defendant, Linda Pike, appeals a partial summary judgment entered in favor of the plaintiff, Brenda Reed. Because we lack jurisdiction, we dismiss the appeals.
 

 On February 2, 2006, Reed sued Pike, alleging that Pike had converted “approximately $26,604” in insurance benefits to which Reed claimed to be entitled as a result of a fire that damaged an insured dwelling. As relief, Reed prayed that the trial court would
 

 “[enter a] judgment against Defendant Linda Pike for all nominal, compensatory, and punitive damages to which [Reed] [is] entitled by law, and further prays the Court to award [Reed] such further remedies as may be warranted, including but not limited to: rescission
 
 *202
 
 of any Power of Attorney or other agreement under which Defendant Linda Pike may acquire control or possession of any property or interest that rightfully belongs to [Reed], injunction, and a constructive trust to [be] imposed upon any funds in Defendant Linda Pike’s possession or control freezing the same and awarding them to [Reed], or such other and additional relief to which the Court determines [Reed] is entitled[, and]
 

 “... immediately take jurisdiction and issue a temporary restraining order and preliminary injunction enjoining Defendant Linda Pike from doing any act to alienate or otherwise dispose of or conceal any funds in her possession or control which rightfully belong to [Reed], to set this matter for hearing as soon as possible and convenient to the Court, and to make this injunction permanent upon resolution of the issues and entry of Judgment.”
 

 The record contains no indication that a hearing was ever held regarding a temporary restraining order or a preliminary injunction. On October 9, 2007, Pike moved the trial court for a summary judgment in her favor. On October 12, 2007, Reed moved the trial court for a partial summary judgment with respect to the issue of liability; however, her motion did not seek a determination regarding the relief to which she was allegedly entitled. Following a hearing, the trial court entered an interlocutory order on November 5, 2007 (“the November 5 order”), denying Pike’s motion for a summary judgment and granting Reed’s motion for a partial summary judgment with respect to the issue of liability. The November 5 order did not purport to determine the relief to which Reed was entitled.
 

 On December 5, 2007, Pike moved the trial court to alter, amend, or vacate the November 5 order; the trial court denied that motion on December 20, 2007. On January 28, 2008, the parties jointly moved the trial court to certify the November 5 order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. However, on January 31, 2008, before the trial court had ruled on the joint motion seeking certification of the November 5 order as a final judgment, Pike filed a notice of appeal to this court. We docketed that appeal (“the first appeal”) as appeal no. 2070410. Thereafter, we determined that Reed’s claim for an unspecified amount of punitive damages caused the fust appeal to exceed this court’s jurisdictional limit, and, therefore, this court transferred that appeal to the supreme court; however, the supreme court transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Meanwhile, on February 1, 2008, the day after Pike had filed the notice of appeal initiating the first appeal, the trial court entered an order (“the February 1 order”) certifying the November 5 order as a final judgment pursuant to Rule 54(b) and awarding Reed damages in the amount of $26,604. The February 1 order did not purport to grant or deny the other relief sought in Reed’s complaint. On March 11, 2008, Pike filed another notice of appeal to this court, which initiated a second appeal (“the second appeal”). We docketed the second appeal as appeal no. 2070542. However, as with the fust appeal, we determined that the claim for an unspecified amount of punitive damages in Reed’s complaint caused the second appeal to exceed this court’s jurisdictional limit, and, therefore, this court transferred the second appeal to the supreme court. The supreme court then transferred the second appeal back to this court pursuant to § 12-
 
 *203
 
 2-7(6). Thereafter, we consolidated the first appeal and the second appeal.
 

 Although neither party has questioned whether this court has jurisdiction, we must do so
 
 ex mero motu. See HoHon v. Hoiton,
 
 822 So.2d 431, 433 (Ala.Civ.App. 2001) (“ ‘ “[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ ” (quoting
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211 (Ala.Civ.App. 1997), in turn quoting
 
 Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987))). Subject to limited exceptions not applicable in this case, “ ‘ “ ‘an appeal will lie only from a final judgment.’ ” ’ ”
 
 Busby v. Lewis,
 
 993 So.2d 31, 33 (Ala.Civ.App.2008), (quoting
 
 Owens v. Owens,
 
 739 So.2d 511, 513 (Ala. Civ.App.1999), in turn quoting
 
 Taylor v. Taylor,
 
 398 So.2d 267, 269 (Ala.1981)).
 

 “ ‘ “A final judgment is one that completely adjudicates all matters in controversy between the parties. “ ‘ . An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had ‘only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’ See Rule 54(b), Ala. R. Civ.
 

 Busby v. Lewis,
 
 993 So.2d at 34 (quoting
 
 Adams v. NaphCare, Inc.,
 
 869 So.2d 1179, 1181 (Ala.Civ.App.2003), in turn quoting
 
 Eubanks v. McCollum,
 
 828 So.2d 935, 937 (Ala.Civ.App.2002)).
 

 Although the November 5 order determined that Pike was liable for conversion, it did not determine what relief Reed was entitled to receive. Consequently, it was not a final judgment.
 
 See Busby v. Lewis.
 
 Although the February 1 order purported to certify the November 5 order as a final judgment, the notice of appeal that Pike filed on January 31, 2008, the day before the trial court entered the February 1 order, had divested the trial court of jurisdiction to enter the February 1 order.
 
 Id.
 
 (holding that the filing of a notice of appeal following the entry of two nonfinal judgments divested the trial court of jurisdiction to enter a final judgment until the appeals from the nonfinal judgments had been dismissed). Because the trial court did not have jurisdiction to enter the February 1 order, that order is a nullity.
 
 Id.
 
 Because the February 1 order is a nullity, it did not effectively certify the November 5 order as a final judgment pursuant to Rule 54(b). Accordingly, no final judgment has been entered in the case now before us. Therefore, we must dismiss both of Pike’s appeals.
 

 2070410 — APPEAL DISMISSED.
 

 2070542 — APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.