PITTMAN, Judge.
William R. Miller (“William”) and Sarah L. Miller (“Sarah”) appeal from an interlocutory default judgment entered against them by the Baldwin Circuit Court (“the trial court”). We dismiss the appeal because the judgment appealed from is not a final judgment.
In August 2011, Miles Jones sued William, Sarah, and Lakeside Properties, Ltd. (“Lakeside”), stating various claims on behalf of himself and two limited-liability companies, MAJ, LLC, and DJM, LLC:[1] Jones’s complaint sought not only damages, but also declaratory relief. On September 3, 2011, a private process server left copies of the summons and complaint for William, Sarah, and Lakeside with William and Sarah’s son at a residence located on McIntosh Bluff in Fairhope. Jones subsequently amended his complaint to name Miller Acquisitions and Developments, Inc. (“MAD Alabama”), an Alabama corporation, and Miller Acquisitions and Developments, Inc. (“MAD Mississippi”), a Mississippi corporation, as additional defendants.
*1286 On October 4, 2011, William, acting pro se, filed, on behalf of himself, Sarah, and Lakeside a motion (“the motion to dismiss”) seeking dismissal of the action on the ground that valid service of process had not been effected on William, Sarah, or Lakeside on September 3, 2011.[2] The next day, Jones filed applications for (1) the entry of defaults against William, Sarah, and Lakeside for failure to plead or otherwise defend and (2) the entry of default judgments for specified amounts of damages against William, Sarah, and Lakeside. That same day, the trial court entered orders granting Jones’s applications. Neither the applications for default judgments nor the orders granting those applications addressed the declaratory relief Jones had sought in the complaint.
Thereafter, Jones filed a response to the motion to dismiss and a motion asking the trial court to enter a final default judgment for declaratory relief and to dispose of his claim for damages against William, Sarah, and Lakeside. On October 13, 2011, the trial court entered an order denying the motion to dismiss; it entered a separate order (1) granting Jones’s motion for the entry of a final judgment against William, Sarah, and Lakeside and (2) directing Jones’s attorney to submit a proposed final default judgment for the trial court’s consideration.
On October 19, 2011, MAD Alabama and MAD Mississippi were served with process. That same day, the trial court entered an order that purported to be a final default judgment (“the purported final judgment”) against William, Sarah, and Lakeside. The purported final judgment against William, Sarah, and Lakeside granted Jones’s request for declaratory relief and awarded him damages.
Within 30 days of the entry of the purported final judgment, several of the defendants filed what purported to be a post-judgment motion asking the trial court to set aside the purported final judgment. In January 2012, the trial court entered an order setting aside the purported final judgment as to Lakeside only. Thereafter, William and Sarah filed what purported to be another postjudgment motion, which the trial court denied. William and Sarah then filed a notice of appeal from the purported final judgment, and the appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
As a threshold matter, we must determine whether we have jurisdiction to review the purported final judgment.
“Subject to limited exceptions not applicable in this case, ‘ “ ‘ “an appeal will lie only from a final judgment.” ’ ” ’ Busby v. Lewis, 993 So.2d 31, 33 (Ala.Civ.App.2008) (quoting Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999), in turn quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981)).
“ ‘ “ A final judgment is one that completely adjudicates all matters in controversy between the parties.
An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had “only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” See Rule 54(b), Ala. R. Civ. P.’ ” ’
*1287 “Busby v. Lewis, 993 So.2d at 34 (quoting Adams v. NaphCare, Inc., 869 So.2d 1179, 1181 (Ala.Civ.App.2003), in turn quoting Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002)).”
Pike v. Reed, 3 So.3d 201, 203 (Ala.Civ.App.2008).
MAD Alabama and MAD Mississippi were served with process on October 19, 2011, which made any judgment entered on or after that date that did not adjudicate all the controversies as to MAD Alabama and MAD Mississippi interlocutory unless it was certified as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Cf Rule 4(f), Ala. R. Civ. P. (providing that, when there are multiple defendants and process has been served on one or more, but not all, of the defendants, a judgment adjudicating all controversies as to all the served defendants is a final judgment); and Rule 54(b), Ala. R. Civ. P. (providing that, except as to judgments that are final as to all served defendants pursuant to Rule 4(f), any judgment that adjudicates fewer than all the controversies as to all the parties is an interlocutory judgment unless it is certified as a final judgment pursuant to Rule 54(b)). The purported final judgment did not adjudicate the claims against MAD Alabama and MAD Mississippi, and, therefore, it did not adjudicate all the controversies as to all the served defendants. Moreover, the trial court did not certify the purported final judgment as a final judgment pursuant to Rule 54(b). Consequently, the purported final judgment is not a final judgment. Id.
“The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.” Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006). Accordingly, because the judgment appealed from in the present case is not a final judgment, we dismiss the appeal.
Jones has moved this court to dismiss the appeal on the ground that William and Sarah failed to file their notice of appeal within 42 days after the entry of the purported final judgment. However, because the purported final judgment is not a final judgment, the entry of that judgment did not commence the running of the 42-day period for William and Sarah to file a notice of appeal. See Ruffin v. General Motors Acceptance Corp., 75 So.3d 660, 666-67 (Ala.Civ.App.2011). Therefore, we deny Jones’s motion.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Because we do not have jurisdiction over this appeal, we do not reach the issue whether Jones had standing to prosecute claims on behalf of MAJ, LLC, and DJM, LLC.

. Because we do not have jurisdiction over this appeal, we do not reach the issue whether the motion to dismiss was a nullity because William was not a licensed attorney and, therefore, his purporting to represent Sarah and Lakeside constituted the unauthorized practice of law. See Ex parte Ghafary, 738 So.2d 778, 781 (Ala.1998).