MOORE, Judge.
Reba Yarbrough (“the wife”) appeals from a judgment of the Calhoun Circuit Court divorcing her from D. Max Yar-brough (“the husband”) and dividing the marital property pursuant to a prenuptial agreement entered into by the parties. We dismiss the appeal.
On December 13, 2010, the wife filed a complaint for a divorce, asserting that she and the husband had married on December 6,1996, that no children had been born of the marriage, that the husband had committed acts of adultery, and that the marriage was irretrievably broken. The wife requested that the trial court grant her a divorce, equitably divide the marital property, and award her alimony and attorney’s fees.
The husband filed an answer and a counterclaim for a divorce, asserting, among other things, that, on December 2, 1996, the parties had entered into a prenuptial agreement and that it governed the distribution of the parties’ property. The husband requested that the trial court grant the parties a divorce based on the irretrievable breakdown of the marriage and incompatibility of temperament, ratify and confirm the prenuptial agreement and direct the parties to abide by that agreement, and award the husband attorney’s fees pursuant to the prenuptial agreement. The husband attached the prenuptial agreement as an exhibit to his pleading.
On June 15, 2012, the trial court entered a judgment of divorce. In that judgment, the trial court found, among other things, that the prenuptial agreement was valid and enforceable, that, pursuant to the terms of the prenuptial agreement, the parties had agreed that their marriage would not alter their legal rights to dispose of their separate estates, that the parties had maintained separate checking accounts during the marriage, and that, before and during the marriage, the husband had owned and operated a business known as “Max Yarbrough Pools and Construction” (“the business”).
Based on those findings, the trial court awarded the husband full right, title, ownership, possession, and control in and to the business, including the name, assets, accounts, investments, and receivables of the business and the inventory, vehicles, supplies, and equipment of the business. It awarded the wife a 2007 Honda Pilot automobile and the husband a 2009 Suzuki motorcycle, a 2007 Winnebago motor home, and red and silver Nissan trucks. Each party was awarded any checking and savings accounts, stocks, bonds, certificates of deposit, or 401k accounts that existed in his or her individual name, and *639 the husband was awarded any such accounts in the name of the business. Both parties were awarded items of personal property and household furnishings pursuant to lists attached to the judgment. Additionally, the wife was instructed to prepare two lists of property from a third exhibit identifying, with certain exceptions, the parties’ jointly owned assets and to allow the husband to choose the list representing the items he elected to be awarded. Each party was directed to pay and to be fully responsible for any debts in his or her name, and the husband was directed to be fully responsible for any debts in the name of his business. The trial court required each party to pay his or her own attorney’s fees and denied all other requests.
The wife filed a motion requesting the trial court to reconsider its order, specifically disputing the award of assets acquired during the marriage. Both parties filed letter briefs with the court addressing the wife’s motion. The trial court granted the wife’s motion insofar as it requested that the Winnebago motor home be sold and the proceeds split equally between the parties; it otherwise denied the wife’s motion. On October 24, 2012, the husband filed a motion for clarification regarding asserted errors in the wife’s property lists created from the third exhibit to the judgment. Specifically, the husband indicated that numerous items were omitted from the lists, that one item appeared on both lists, and that several items should not have appeared on the lists because they were tools of his business or because he had owned the items before the parties’ marriage.
The wife filed an appeal to this court on November 18, 2012. Before we reach the merits of the wife’s appeal, however, we must first determine whether the appeal is from a final judgment.
“ ‘It is well settled law that “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ Pace v. Utilities Bd. of Foley, 752 So.2d 510, 511 (Ala.Civ.App.1999) (quoting Singleton v. Graham, 716 So.2d 224, 225 (Ala. Civ.App.1998)). We also note that an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived. Luker v. Carrell, 25 So.3d 1148, 1151 (Ala.Civ.App.2006). Additionally, ‘[t]he question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.’ Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006).”
Parker v. Parker, 946 So.2d 480, 485 (Ala. Civ.App.2006).
“This court has consistently held that trial-court orders instructing the parties to prepare lists in order to effectuate a property division are nonfinal until a division of the property actually occurs.” Sims v. Sims, 38 So.3d 71, 72 (Ala. Civ. App.2009). See also McGill v. McGill, 888 So.2d 502, 505 (Ala.Civ.App.2004), and Grubbs v. Grubbs, 729 So.2d 346, 347 (Ala. Civ.App.1998). The record on appeal reveals that the husband had filed a motion requesting clarification regarding the wife’s proposed lists of the remaining property to be divided in accordance with the trial court’s judgment. That motion, for which there is no resulting order in the record, makes clear that the parties had not yet complied with the division of personal property as ordered in the judgment of divorce. Thus, the present appeal is from a nonfinal judgment. “There must be some final disposition of the personal property by the trial court before its judgment is final.” Sims, 38 So.3d at 72.
*640 Therefore, the wife’s appeal is due to be dismissed.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.