DONALDSON, Judge.
Michael Tyrone Chappell, Sr. (“the husband”), appeals from a judgment divorcing him and Angela McGraw Chappell (“the wife”). Because the divorce judgment does not adjudicate the husband’s counterclaims against the wife, the divorce judgment is not a final, appealable order. Accordingly, we dismiss the appeal.

Facts and Procedural History

The wife filed a complaint for a divorce on August 2, 2012, in the Montgomery Circuit Court (“the trial court”). On September 24, 2012, the husband, an incarcerated inmate in a federal correctional facility, requested the appointment of a public defender to appear in court for him. The trial court denied the request, stating that “such appointments are not available in Domestic Relations matters.” On October 12, 2012, the husband, acting pro se, filed an answer and a counterclaim against the wife, seeking compensation in the amount of $50,000 for his personal property that he alleged the wife had “lost” or had “stolen” from his house and then sold or pawned. Additionally, he asserted a third-party claim against State Farm Insurance Company, the company that had allegedly insured the contents of the husband’s house, seeking compensation in the amount of $50,000. The husband also asserted an additional counterclaim against the wife and third-party claims against OBGYN Associates, Gift of Life, and Cindy Pierce. The husband claimed that those parties had conspired to violate privacy laws, which, he said, caused the revocation of his release on bond for pending federal criminal charges and, in turn, led to the wife’s divorce filing. The wife filed an answer to the husband’s counterclaims, denying each of the allegations.
On November 16, 2012, the husband filed a motion stating that he had entered into a contract with legal counsel to represent him in the proceedings, that he would be amending his pleadings to provide legal authority concerning the alleged civil conspiracy, that he was now seeking $50,000,000 in damages from the third-party defendants, and that he was requesting a jury trial. The husband filed a motion to amend his pleadings on January 15, 2013, to add a third-party claim against J.P. Morgan Chase Bank. In that proposed amendment, he alleged that J.P. Morgan Chase Bank, as the mortgagee on his house, had conspired with the wife to deprive him of his personal property. On January 16, 2013, the trial court denied the husband’s motion to amend.
A trial was scheduled to be held on February 11, 2013. On February 10, 2013, counsel entered an appearance on behalf of the husband. The next day, the trial court held a hearing at which the wife, her counsel, and the husband’s counsel were present. The record shows that the husband was incarcerated in federal custody at that *743 time. The husband’s counsel asked for the proceedings to be continued, but the request was denied. The wife testified to the parties’ irreconcilable differences. She recounted how the husband had been physically violent toward her and how he had threatened her, her mother, and her brother. She testified that she was seeking a restraining order or some other form of protection in the divorce judgment out of fear for her safety once the husband is released fi-om prison. She stated that, after the husband had been incarcerated, she moved much of the personal property in the marital residence to a storage unit. According to the wife, all the husband’s personal property, aside from two rifles she had pawned, remained in the storage unit, in the possession of their children, or in the husband’s office building. She testified that she was not aware of a coin collection owned by the husband, and she denied selling any coin collection.
On February 11, 2013, the trial court entered a divorce judgment, stating: “THIS CAUSE comes before the Court upon the Complaint for Divorce filed by the [wife], and the Answer and Counterclaim filed by the [husband].” The judgment dissolved the parties’ marriage and divided the parties’ personal property. The judgment included an award of half the property in the storage unit to the husband and the other half to the wife. A provision in the divorce judgment expressly restrained and enjoined the parties from contacting each other for the purpose of harassment, intimidation, or assault.
Service of process on the husband’s third-party complaint against State Farm Insurance Company was not completed until February 13, 2013, two days after the entry of the divorce judgment. Service of process on the husband’s third-party complaints against OBGYN Associates and Gift of Life were completed on February 14, 2013, three days after the entry of the divorce judgment. The record before us does not indicate that third-party defendant Cindy Pierce was ever served with process.
On March 20, 2013, the husband, acting pro se, appealed to this court. On appeal, the husband contends that the trial court erred by not appointing him an attorney, by denying his motion to add a claim against J.P. Morgan Chase Bank, by not issuing subpoenas on his behalf, by denying his motion for a continuance, and by not taking action on his counterclaims and third-party claims.

Discussion

We must first determine as a threshold matter whether this court has jurisdiction over the trial court’s divorce judgment before this court can consider the issues raised on appeal. See Blythe v. Blythe, 976 So.2d 1018, 1019 (Ala.Civ.App. 2007) (citing Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006), and Winecoff v. Compass Bank, 854 So.2d 611, 614 (Ala.Civ.App.2003)). “[Ojrdinarily, we cannot exercise jurisdiction over an appeal from a nonfinal judgment.” Blythe, 976 So.2d at 1019. “ ‘ “[T]he question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.” ’ ” Yar-brough v. Yarbrough, 142 So.3d 637, 639 (Ala.Civ.App.2013) (quoting Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006), quoting in turn Hubbard v. Hubbard, 935 So.2d 1191,1192 (Ala.Civ.App.2006)).
“ ‘ “ ‘An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment.’ ” ’ ” Pike v. Reed, 3 So.3d 201, 203 (Ala.Civ.App.2008) (quoting Busby v. Lewis, 993 So.2d 31, 34 (Ala.Civ. App.2008), quoting in turn Adams v. NaphCare, Inc., 869 So.2d 1179, 1181 (Ala. *744 Civ.App.2003), quoting in turn Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ. App.2002)). Rule 54(b), Ala. R. Civ. P., provides an exception to this rule of finality when a case involves multiple parties or claims. Under that exception, a trial court may certify a judgment as final as to one or more, but not all, of the claims, but “only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” Id. The trial court in this case did not certify the divorce judgment as final under Rule 54(b), and the judgment does not specifically address the husband’s counterclaims against the wife or the husband’s claims against third parties. Therefore, to ascertain the finality of the divorce judgment, we must determine whether the trial court adjudicated each of the husband’s claims.
First, we consider the husband’s third-party claims. Service of process was completed on State Farm Insurance Company, OBGYN Associates, and Gift of Life after the date the divorce judgment was entered. Cindy Pierce apparently was never served. The divorce judgment does not expressly mention the claims against these third parties.[1] However, pursuant to Rule 4(f), Ala. R. Civ. P.,
“[w]hen there are multiple defendants and the summons ... and the complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment.”
“Under Rule 4(f), service on the other defendants must be completed, not merely attempted, before it can be said the pending action involves other active defendants.” Owens v. National Sec. of Alabama, Inc., 454 So.2d 1387, 1388 n. 2 (Ala.1984). Because service of process on State Farm Insurance Company, OBGYN Associates, Gift of Life, and Cindy Pierce had not been completed at the time the divorce judgment was entered, those parties are not considered to be “active” defendants as of that date. Consequently, the lack of adjudication regarding those third-party claims does not preclude the finality of the divorce judgment under Rule 4(f) for purposes of determining appellate jurisdiction.
We must further consider, however, whether the judgment is final for purposes of appellate jurisdiction with respect to the husband’s counterclaims against the wife. At the time of the divorce trial, the husband had asserted a counterclaim against the wife regarding the disposition of his personal property and a counterclaim alleging that she had conspired with third parties to violate privacy laws, thereby causing his bond to be revoked. Neither of those claims had been dismissed or severed as of the date of the trial and the resulting judgment. The husband’s attorney raised the husband’s claims against the wife regarding his personal property at the beginning of the trial. In her testimony, the wife admitted to pawning two of the husband’s rifles but denied selling the husband’s coin collection. The divorce judgment states that the cause was before the trial court, in part, on the husband’s counterclaim,[2] allocates the personal prop *745 erty located in the storage unit, and assigns any other property not specified in the judgment to the party in possession or control of the property. The divorce judgment does not, however, explicitly contain a ruling addressing the husband’s counterclaim against the wife regarding the personal property, and it does not address the counterclaim containing the conspiracy allegations. Based on the record and judgment before us, we cannot conclusively determine that the trial court intended to adjudicate all the husband’s counterclaims in the divorce judgment.
We express no opinion as to the merits of any of the husband’s pending claims that were not adjudicated at the time the divorce judgment was entered. We note only that those claims were not severed and remained pending and that “ ‘[a] final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication.’” Ex parte Green, 58 So.3d 135, 145 (Ala.2010) (quoting Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001), citing in turn City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala.1981)). For the reasons stated above, the divorce judgment is not a final judgment that we can properly consider on appeal. Accordingly, the appeal is dismissed for lack of jurisdiction.[3]
The wife’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. The trial court denied the husband’s motion to amend his pleadings to include a third-party claim against J.P. Morgan Chase Bank. The claim against J.P. Morgan Chase Bank, thus, is not relevant to our determination as to the finality of the divorce judgment.

. The divorce judgment uses the singular term although the husband had asserted more than one counterclaim against the wife.

. Because we lack jurisdiction, we do not address any of the other issues raised by the husband, including the propriety of the denial of his motion to amend the pleadings to assert a claim against J.P. Morgan Chase Bank.