PITTMAN, Judge.
Ingrid M. Kruse (“the former wife”) appeals from an interlocutory order of the St. Clair Circuit Court (“the trial court”) insofar as it dismissed her counterclaims against Mark L. Fielding (“the former husband”) in a postdivorce proceeding. We dismiss the appeal.
In 2010, the trial court entered a judgment divorcing the parties (“the divorce judgment”). In 2011, the former husband filed a petition in which he sought modification of the divorce judgment and a finding of contempt against the former wife. Thereafter, the former wife filed a counterclaim in which she sought a finding of contempt against the former husband. The former wife subsequently amended her counterclaim several times to add additional claims against the former husband. The former husband also subsequently amended his petition to seek modification of additional provisions of the divorce judgment.
The trial of the action commenced in June 2012 but was recessed after one day and scheduled to resume on November 7, 2012. Six days before the trial was scheduled to resume, the former husband’s counsel filed a motion for leave to withdraw, which the trial court granted two days before the trial was scheduled to resume. On November 7, 2012, the former wife and her counsel appeared for the resumption of the trial; however, the former husband did not appear. On December 7, 2012, the former husband sent the trial court a letter asking that the resumption of the trial be rescheduled. On December 20, 2012, the' trial court entered an order declining to reschedule the resumption of the trial and entered a final judgment (“the December 2012 judgment”) disposing of all the parties’ claims. The December 2012 judgment dismissed the former husband’s claims, found in favor of the former wife with respect to some of her claims, and found in favor of the former husband with respect to all the other claims'of the former wife. Subsequently, the former husband timely filed a postjudgment motion challenging the December 2012 judgment insofar as it had dismissed his claims and had found in favor of the former wife with respect to some of her claims. Within 90 days after the filing of the former husband’s post-judgment motion, the trial court entered an order vacating the December 2012 judgment, reinstating the former husband’s claims seeking modification of the divorce judgment, dismissing his contempt claim, and dismissing all the former wife’s claims. Within 42 days after the entry of that order, the former wife filed a notice of appeal to this court.
*1157 Although the parties have not raised the issue whether this court has jurisdiction over this appeal,
“ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App.1979).”
Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006).
“ ‘ “It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.’” Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999), quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981). This court has stated:
“ ‘A final judgment is one that completely adjudicates all matters in controversy between all the parties.
“ ‘... An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had “only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” See Rule 54(b), Ala. R. Civ. P.’ ”
Adams v. NaphCare, Inc., 869 So.2d 1179, 1181 (Ala.Civ.App.2003) (quoting Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002)).
The order ruling on the former husband’s postjudgment motion vacated the December 2012 judgment, which had disposed of all the parties’ claims. That order disposed of the former husband’s contempt claim and all the former wife’s claims; however, it reinstated the former husband’s claims seeking modification of the divorce judgment and did not dispose of those claims. Thus, because the former husband’s claims seeking modification of the divorce judgment remained pending after the entry of the order ruling on the former husband’s postjudgment motion, that order did not constitute a final judgment. See Adams, 869 So.2d at 1181 (“ ‘A final judgment is one that completely adjudicates all matters in controversy between all the parties.’” (quoting Eubanks, 828 So.2d at 937)). Moreover, the trial court did not, pursuant to Rule 54(b), Ala. R. Civ. P., make that order a final judgment despite its failure to dispose of all the parties’ claims. Accordingly, this court lacks jurisdiction, see Adams, supra, and, therefore, we must dismiss the appeal, see Hubbard, supra.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ„ concur.