PITTMAN, Judge.
Stephen Sean Rutan (“the husband”) appeals from a judgment of the Russell Circuit Court (“the trial court”) dissolving his marriage to Angelina Maria Rutan. Because the judgment appealed from is not a final judgment, we dismiss the appeal.
In 2010, the husband sued the wife for a divorce in the Lee Circuit Court. Subsequently, by agreement of the parties, the Lee Circuit Court transferred the action to the trial court. While the parties were separated and the action was pending, the wife gave birth to a child in 2012. Thereafter, the wife asserted a claim challenging the husband’s paternity of that child. Following a trial, the trial court, in March 2013, entered the judgment from which the husband appeals. Among other things, that judgment dissolved the parties’ marriage, awarded the wife primary physical custody of a child who had been born in 2007, awarded the husband visitation with that child, ordered the husband to pay child support for that child, and divided the parties’ property. However, with respect to the child who had been born in 2012, the judgment stated:
“During the separation of the Parties, the [wife] conceived and [gave birth to a child in 2012], The [wife] has acknowledged that the [husband] is not the biological father of this child. [The husband] has stated that he does not believe he is the biological father of this child. The Court thus orders the Parties to have a DNA test done within sixty (60) days and have the results directed back to the Court.
“The Court will retain jurisdiction of the matter of paternity of this child and hold any further hearings necessary once the DNA results are received.”
Following the entry of that judgment, the husband filed a notice of appeal to this court.
The wife argues that the judgment from which the husband has appealed is not a final judgment and, therefore, will not support an appeal. We agree.
“ ‘ “It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.” ’ Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999), quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981). This court has stated:
“ A final judgment is one that completely adjudicates all matters in controversy between all the parties.
“ ‘... An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had “only upon an express determina *256 tion that there is no just reason for delay and upon an express direction for the entry of judgment.” See Rule 54(b), Ala. R. Civ. P.’ ”
Adams v. NaphCare, Inc., 869 So.2d 1179, 1181 (Ala.Civ.App.2003) (quoting Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002)).
Because the child who was born in 2012 was born during the parties’ marriage, the husband is the presumed legal father of that child, regardless of whether he is the biological father. See § 26-17-204(a)(1), Ala.Code 1975.[1] Although the judgment states that the husband has stated that he does not believe that he is the biological father of the child who was born in 2012, it is not clear from the record whether the husband is persisting in his status as the presumed legal father of the child. If he is persisting in that status, neither the wife nor anyone else may challenge his paternity, see § 26-17-607(a), Ala.Code 1975,[2] and the trial court will have to make custody, visitation, and child-support determinations regarding the child who was born in 2012. If the husband is not persisting in his status as the. legal father of that child, then the trial court will have to determine whether the husband is the father of that child. If the trial court determines that the husband is not the father, it should make an express determination to that effect. On the other hand, if the trial court determines that the husband is indeed the father of that child, it will have to make custody, visitation, and child-support determinations regarding that child. Thus, because the judgment from which the husband has appealed did not completely adjudicate all matters in controversy between the parties and because the trial court did not make it a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., it is not a final judgment. “The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.” Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006). Therefore, we dismiss the husband’s appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Section 26-17-204(a)(l) provides that "[a] man is presumed to be the father of a child if ... he and the mother of the child are married to each other and the child is born during the marriage.”

. In pertinent part, § 26-17-607(a) provides that "a presumed father may bring an action to disprove paternity at any time. If the presumed father persists in his status as the legal father of a child, neither the mother nor any other individual may maintain an action to disprove paternity.”